JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

WILLIAM A. WEINISCHKE
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 514-4592
Telefax: (202) 514-2583

LEON WEIDMAN
Civil Chief
Office of the United States Attorney
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-2404
Telefax: (213) 894-7819

FILED
CLERK U.S. DISTRICT COURT
SEP - 3 2009
5:00
CENTRAL DISTRICT OF CALIFORNIA
BY NL DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09-06487 FMC VBKx

No Fee

I/S
20

UNITED STATES OF AMERICA,

Plaintiff,

v.

718 West Wilson Avenue
Glendale, California 91203
Lot 17 of Tract no. 4531, in the County of Los Angeles, California, as per map recorded at Book 52, page 18 of Parcel Maps, Office of the County Recorder; and

Hovsep Boghossian.

Defendants.

CIVIL ACTION NO.

VERIFIED COMPLAINT IN REM

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges:

STATEMENT OF THE CASE

1. This is a civil action brought pursuant to Sections 107(a), 107(*l*), and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 (a), 9607 (*l*), 9613 (b). In this action, the United States seeks to recover costs incurred by the United States to respond to releases or threatened releases of hazardous substances at or from a portion of the former Drilube Company Site, 718 West Wilson Avenue, Glendale, California 91203 (the "Property"), and in connection with the San Fernando Valley Superfund Site (the "Site"). The United States further seeks imposition of penalties for Defendant Boghossian's failure to respond to information requests submitted to him pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107 (a), 107 (*l*) (4), and 113 (b) of CERCLA, 42 U.S.C. §§ 9607 (a), 9607 (*l*) (4), and 9613 (b), and 28 U.S.C. §§ 1331 and 1345. The Court's jurisdiction over this in rem action is consistent with Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 4 (n).

3. Pursuant to Section 113 (b) of CERCLA, 42 U.S.C. §§ 9613 (b), and 28 U.S.C. § 1391 (b), venue is proper in this district because the release or threatened release of hazardous substances that gives rise to the claims occurred in this judicial district.

THE DEFENDANT

4. Defendant, a portion of the Former Drilube Company property located at 718 West Wilson Avenue, Glendale, California) ("Property"), is the subject of this in rem action, and is described more particularly as follows:

In the County of Los Angeles, State of California, Lot 17 of Tract no. 4531, in the City of Glendale, County of Los Angeles, California as per map recorded in Book 52, page 18 of Parcel Maps, in the Office of the County Recorder of said County.

5. Defendant Hovsep Boghossian resides at 645 West California Avenue, Glendale, California 91203, and is the current owner of the Property identified in Paragraph 4 above.

GENERAL ALLEGATIONS

6. The Property is located within the San Fernando Valley Area 2 Superfund Site, which was placed on the National Priorities List ("NPL") in 1986. The Environmental Protection Agency ("EPA") designated three operable units within the Area 2 San Fernando Valley Superfund Site ("Site"). The Property is located within the Glendale North and South operable units of the Site and within the Glendale Chromium Operable Unit of the Site.

7. From 1945 until approximately 2004, the Drilube Company operated an aerospace and aircraft plating, painting and metal finishing operation at the Property and an adjacent parcel. The plating operations involved processing with both industrial and decorative applications of copper, nickel and chromium plating, and cadmium and zinc solutions. Operations included the application of a wide variety of organic polymeric products and the use of solvents and solvent mixtures as well as applications of a patented

molybdenum disulfide-based "Drilube" product. Metal finishing involved topical surface preparations, including the application of zinc and manganese phosphates, miscellaneous iridite and chromated coatings, solvent rinsing, vapor degreasing and alkaline cleaning operations, anodyzing operations, acid etching and electro-finishing. Metal plating and finishing operations were performed in both buildings.

8. The Drilube Property layout included the plating areas, a waste treatment area, and chemical storage rooms. Several sumps and pits were located on the Property associated with the plating processes. A four-stage clarifier was located along the southwest wall of the waste treatment area. A degreaser was located inside the main plating area. There were thirteen fixed treatment units located on the Property, which included five treatment pit units, one pre-treatment container unit, one settling unit, three container treatment units, one vacuum filter process unit, one filter press and one elementary neutralization unit. Chemicals used at the Property over the years included chromic acid, muriatic acid, nickel compounds, sodium hydroxide, ammonium hydroxide, caustic potash, ammonium nitrate, silver cyanide, nitric acid, sodium dichromate, sulfuric acid, manganese phosphate, zinc phosphate, and various alkaline cleaners.

9. The Drilube Property was the subject of investigation and enforcement by the Regional Water Quality Control Board – Los Angeles Region ("RWQCB") throughout the 1990's. Those investigations were primarily concerned with volatile organic compound ("VOC") contamination. Based on information obtained from various past assessments of the property, past activities at the Property have contributed to both VOC and metals contamination in soil and groundwater beneath the Property and the Site.

10. The California maximum contaminant levels ("MCL") for trichlorethylene

("TCE") and perchlorethylene ("PCE") in drinking water are each 5 parts per billion ("ppb"), and the MCL for total chromium is 50 ppb. Elevated levels of chromium contamination in soil were detected up to 3,420 mg/kg at the Drilube Property in 1991. Groundwater concentrations of TCE were detected at the Drilube Property at 11,000 ppb in 1996. Groundwater concentrations of PCE were detected at the Drilube Property at 1,960 ppb in 1999, and of hexavalent chromium at 32,000 ppb in 1995. In EPA groundwater monitoring well MW-1, which is downgradient of the Property, concentrations of TCE were detected at 280 ppb in 1996, of PCE at 1,300 ppb in 1999, and of hexavalent chromium of 13,000 ppb in 1994. Soil samples were collected at the former Drilube Property in 2004 and analyzed for VOCs and heavy metals. The results of the analysis indicated that the subsurface soil in the former waste treatment area had been impacted with total chromium. Concentrations of total chromium were detected in the soil samples collected in this area at concentrations of up to 12,000 mg/kg.

11. In 1999, Walter Fairfax, who owned the Drilube site, transferred ownership of the Property to Devin Industries. Both Drilube and Fairfax received General and Special Notice from EPA to participate in negotiations for an agreement embodied in a consent decree to implement the remedial action at the Glendale North and South operable units, but declined to participate in those negotiations. Recent efforts to locate Walter Fairfax have been unsuccessful.

12. Remy Mazmanian purchased the property from Devin Industries in 2004 for $150,000. Mr. Mazmanian did not take action prior to purchasing the Property to determine the environmental condition of the Property, or otherwise conduct "all appropriate inquiry" under Section 101(40), 42 U.S.C. § 9601(40), of CERCLA prior to purchasing the Property,

nor did he conduct reasonable steps to manage the contamination on the Property after he purchased it.

13. On March 6, 2008, EPA filed a Notice of Lien with the Los Angeles County Recorder's Office and simultaneously issued a Unilateral Administrative Order ("UAO") to Remy Mazmanian to conduct an investigation of the Property for hexavalent chromium and VOCs.

14. The Notice of Lien was recorded against the Property at the Los Angeles Country Recorder's Office on March 7, 2008 in accordance with the Comprehensive Environmental Response, Compensation, and Liability Act, Section 107(l) of CERCLA, 42 U.S.C. § 9607(l).

15. Despite the existence of the CERCLA 107(l) lien, Hovsep Boghossian purchased the Property from Mazmanian in June 2008. EPA is informed and believes that Boghossian did not conduct "all appropriate inquiry" pursuant to CERCLA Section 101(40), 42 U.S.C. § 9601(40) before purchasing the Property, and has not conducted reasonable steps to manage the Property since purchasing it. Boghossian has not agreed to conduct any response action at the Property.

16. EPA has conducted response actions with respect to the Property and the Site and incurred costs. EPA's records show that it has incurred approximately $25 million in unreimbursed costs with respect to the Property and the Site. EPA has continued to incur costs to conduct response actions at the Property, to monitor the Property, and to obtain access to the Property. EPA has begun to conduct the subsurface investigation that Boghossian has not agreed to conduct, which EPA anticipates will cost approximately $100,000. It is not known at this time what any required cleanup shown to be necessary by the investigation will

cost EPA.

17. EPA has confirmed the presence of hazardous substances within the meaning of Section 101 (14) of CERCLA, 42 U.S.C. § 9601 (14), at the Property.

18. On or about November 3, 2007, EPA informed Mazmanian by certified mail, which was received by Mazmanian on November 19, 2007, of his status as a potentially responsible party under CERCLA, Section 107(a), 42 U.S.C. § 9607(a).

19. In accordance with CERCLA § 107 (*l*), by letter dated February 7, 2008, EPA provided notice to Mazmanian of EPA's intent to perfect a lien upon the Property and of his opportunity for a hearing in accordance with EPA's Supplemental Guidance of Federal Superfund Lien, July 29, 1993. Mazmanian did not request a hearing or otherwise respond to the notice. Notice was provided to Mr. Mazmanian that the lien had been filed on March 8, 2008.

20. The Site and the Property are each "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. At times relevant to this action, there were "releases" or "threats of releases of hazardous substances" into the environment at or from the Property within the Site within the meaning of Sections 101(22), and 107(a) of CERCLA, 42 U.S.C. § 9601(22) and 9607(a).

22. As a result of the release or threatened release of hazardous substances at and from the Property within the Site, the United States has incurred "response costs" as defined in Sections 101 (25) and 107 (a) of CERCLA, 42 U.S.C. §§ 9601 (25) and 9607 (a), for actions taken in response to the release or threatened release at or from the Site.

23. As a result of such response actions, as of June 27, 2008, the United States has incurred response costs, with interest, in excess of $25 million in connection with EPA's

response actions at the Property and with respect to the Site. These costs have not been reimbursed to the United States. EPA continues to incur costs to monitor the Property, and to conduct a subsurface investigation at the Property.

24. The response costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan, as set forth in 40 C. F. R. Part 300.

25. Section 107(a) of CERCLA, 42 U.S.C.§ 9607 (a), provides, in pertinent part:

(1) the owner and operator of a vessel or a facility,... shall be liable for-

(A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . .

26. Mr. Boghossian is liable under Section 107 (a) (1) of CERCLA, 42 U.S.C. § 9607 (a) (1), as the current owner of the Site, within the meaning of Section 101 (20) (A) of CERCLA, 42 U.S.C. § 9601 (20) (A), and Mr. Boghossian purchased the Property which, at the time of purchase, was subject to EPA's CERCLA lien.

FIRST CLAIM FOR RELIEF

27. Paragraphs 1-26 are realleged and incorporated herein by reference.

28. Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), provides in pertinent part:

(1) In general

All costs and damages for which a person is liable to the United States under subsection (a) of this section . . . shall constitute a lien in favor of the United States upon all real

property and rights to such property which --

(A) belong to such person; and

(B) are subject to or affected by a removal or remedial action.

(2) Duration

The lien imposed by this subsection shall arise at the later of the following:

(A) The time costs are first incurred by the United States with respect to a response action under this chapter.

(B) The time that the person referred to in paragraph (1) is provided (by certified or registered mail) written notice of potential liability.

Such lien shall continue until the liability for the costs (or a judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the statute of limitations provided in section § 9613 of this title.

(4) Action in rem

The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred.

29. Pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), the costs

incurred by the United States constitute a CERCLA lien upon the real property which is subject to or affected by the response actions taken by EPA at the Site, including Defendant 718 West Wilson Avenue, Glendale, California 91203.

30. Pursuant to Section 107(*l*)(2), 42 U.S.C. § 9607(*l*)(2), the lien upon the Property will continue until liability for the United States' unreimbursed response costs incurred in connection with the Site is satisfied. These costs have not been satisfied.

31. The costs constituting the lien may be recovered in an action in rem before this Court, pursuant to Section 107 (*l*) (4) of CERCLA, 42 U.S.C. § 9607 (*l*) (4).

SECOND CLAIM FOR RELIEF

32. Paragraphs 1-26 are realleged and incorporated herein by reference.

33. On or about November 7, 2008, EPA sent a General Notice letter and information requests, by certified mail, return receipt requested, and information requests to Mr. Boghossian. The return receipt was signed by Mr. Boghossian on November 18, 2008.

34. The General Notice letter informed Mr. Boghossian that he may be responsible under CERCLA for cleanup and costs incurred by EPA or which EPA will incur in the investigation and cleanup of the Site.

35. Within forty-five (45) days of Mr. Boghossian's receipt of the General Notice letter, he was required to submit his responses to EPA's information requests which were issued by EPA simultaneously with the General Notice letter pursuant to Section 104(e) of CERCLA, , 42 U.S.C. § 9604(e). Mr. Boghossian did not respond until April 7, 2009. In addition to being late in responding, the responses submitted by Boghossian were not complete and he did not provide any of the documentation EPA requested.

36. Pursuant to Section 104(e)(B), the Court may assess a civil penalty not to exceed

$25,000 for each day of noncompliance against any person who unreasonably fails to comply with the provisions (2), (3), or (4) of this paragraph. Mr. Boghossian has unreasonably failed to comply with the provisions of subparagraph (2) of Section 107(e). In accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No. 101-410, 104 Stat. 890 (1990), amended by Publ. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996) (28 U.S.C. 2461 note); 61 Fed. Reg. 69360 (Dec. 31, 1996); and 69 Fed. Reg. 7121 (Feb. 13, 2004), codified at Title 40 of the Code of Federal Regulations (CFR) Part 19, Boghossian is liable for a civil penalty of up to $32,500 per day for each violation of Section 104(e)(2) of CERLA, occurring on or after March 15, 2004. This amount was increased to $ 37,500 per day by the Final Civil Monetary Penalty Inflation Adjustment Rule, 73 Fed. Reg. 75340 (December 11, 2008), codified at 40. C.F.R. Part 19, Table 1 of Section 19.4 for violations after January 12, 2009.

THIRD CLAIM FOR RELIEF

37. Paragraphs 1-26 are incorporated herein by reference.

38 . The release or threatened release of hazardous substances from the Areas 1-4 San Fernando Valley Superfund Site has caused the United States to incur response costs, including interest, as defined in 42 U.S.C. § 9601(25), amounting to not less than $25 million through June 2008. The United States has and is incurring additional response costs and will continue to incur additional response costs at the Site for which the defendants are liable.

39. The response actions taken by the Plaintiff include investigations and studies to determine the nature and extent of contamination at the Site and to evaluate remedial alternatives for the Site, as well as enforcement activities.

40. The Plaintiff's actions taken at the Site and the costs incurred by the Plaintiff

in connection with the Site were not inconsistent with the National Contingency Plan, as codified at 40 C.F.R. Part 300.

41. The Plaintiff has satisfied any conditions precedent to the undertaking of response actions, the incurrence of response costs, and to the recovery of those costs under Section 107 of CERCLA, 42 U.S.C. § 9607.

42. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendants are jointly and severally liable to the Plaintiff for all response costs incurred by the Plaintiffs with respect to the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully prays that this Court:

1. Enter judgment in favor of the United States for all response costs incurred and to be incurred in connection with the Property, the Glendale Operable Units, the Glendale Chromium Operable Unit and the Site, together with interest;

2. Order that Defendant Lot 17 of Tract no. 4531, in the City of Glendale, County of Los Angeles, California, as per map recorded in Book 52, page 18 of Parcel Maps, in the Office of the County Recorder of said County (718 West Wilson Avenue, Glendale, California) be sold and that the proceeds from such sale be paid to the United States in reimbursement of response costs covered by the lien;

3. Order Mr. Boghossian to furnish documents requested by EPA and fully answer information requests submitted to him by EPA;

4. Assess a penalty against Mr. Boghossian of up to $32,500 per day for each day he has violated Section 104(e)(2) of CERCLA, 42 U.S.C. § 9604(e)(2)(B) from

December 19, 2008 to January 9, 2009, and of up to $37,500 per day for each day of violation after January 9, 2009;

5. Enter against Boghossian, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment that Boghossian is liable, which will be binding on any subsequent action or actions against him seeking to recover further response costs incurred by the United States in connection with the Property, the Glendale Operable Units, the Glendale Chromium Operable Unit and the Site; and

6. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Date: 9-2-2009

WILLIAM A. WEINISCHKE
Senior Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-4592

OF COUNSEL:

MARIE RONGONE
Office of Regional Counsel
EPA, Region IX
75 Hawthorne Street
San Francisco, California 94105

VERIFICATION OF COMPLAINT

I, Bob Fitzgerald, am employed by the United States Environmental Protection Agency as a Remedial Project Manager. I have been responsible for the EPA's response activities at the Glendale Chromium Operable Unit of the San Fernando Valley Superfund Site which is the subject of this Verified Complaint. I have reviewed EPA's enforcement file and also have personal knowledge pertaining to certain of the facts addressed herein. I swear under penalty of perjury that the allegations set forth above are true and accurate to the best of my knowledge.

Date: 4/22/09

BOB FITZGERALD
Remedial Project Manager
U.S. Environmental Protection Agency
Southern California Field Office
600 Wilshire Blvd., Suite 1460
Los Angeles, California 90017
Telephone: (213) 244-1814
Telefax: (213) 244-1850

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
718 West Wilson Avenue, Glendale, California 91203, Lot 17 of Tract no. 4531, in the County of Los Angeles, California, as per map recorded at Book 52, page 18 of Parcel Maps, Office of the County Recorder; and Hovsep Boghossian

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Environmental Enforcement Section, Environment and Natural Resources Division, U.S. Department of Justice, Ben Franklin Station, P.O. Box 7611, Washington, DC 20044-7611, (202) 514-4592

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 75,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sections 9607(1) and 9604(e)

**VII. NATURE OF SUIT (Place an X in one box only.)**

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☑ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09-06487

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** September 2, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV09- 6487 FMC (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
William A. Weinischke
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF(S)<br>v.<br>718 West Wilson Avenue, Glendale, California 91203 Lot 17 of Tract no. 4531, in the County of Los Angeles, California; and Hovsep Boghossian<br>DEFENDANT(S). | CASE NUMBER<br>CV09-06487 FMC VBKx<br><br>SUMMONS |

TO: DEFENDANT(S): 718 West Wilson Avenue and Hovsep Boghossian

A lawsuit has been filed against you.

FOR OFFICE USE ONLY

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, William A. Weinischke, whose address is U.S. Dept. of Justice, Ben Franklin Station, P.O. Box 7611, Washington, DC 20044-7611. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP - 8 2009

By: NATALIE LONGORIA
Deputy Clerk

(Seal of the Court)

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

William A. Weinischke
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611




**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV09-6487 FMC (VBKx) |
| 718 West Wilson Avenue Glendale, California 91203 (see attached)<br><br>DEFENDANT(S). | Alias<br>**SUMMONS** |

FOR OFFICE USE ONLY

TO: DEFENDANT(S): ____________________

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, William A. Weinischke, whose address is U.S. Dept. of Justice Ben Franklin Station P.O. Box 7611 Washington, DC 20044-7611. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 9/9/09

By: LaRee Horn
Deputy Clerk

(Seal of the Court)

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*