Jilbert Tahmazian, Esq.
Law Offices of Jilbert Tahmazian
1518 W. Glenoaks Bl.
Glendale, CA 91201
(818) 242-8201
(818) 242-8246 (fax)
jilbert@jilbertlaw.com

Attorney for Hovsep Boghossian

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| UNITED STATE OF AMERICA. | CASE NO.: CV 09-06487 FMC (VBKx) |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| 718 West Willson Ave., Glendale, California, 91203 and Hovsep Boghossian | |
| Defendants. | Jury Trial Demanded |

**ANSWER TO COMPLAINT**

Defendants, 718 West Wilson Ave., Glendale, California 91203 and Hovsep Boghossian ("Answering Defendant") , individually and for themselves alone, hereby answer the Complaint as follows:

**STATEMENT OF THE CASE**

1. Paragraph 1 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained therein.

-1-

## JURISDICTIONAL ALLEGATIONS

2. Paragraph 2 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies the allegations contained therein.

3. Paragraph 3 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies the allegations contained therein.

## DEFENDANT

4. Answering paragraph 4 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies the allegations contained therein.

5. Answering paragraph 5 of the Complaint, Answering Defendant admits the allegations contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations contained therein.

7. Answering paragraph 7 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies the allegations contained therein.

9. Answering paragraph 9 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained therein.

10. Answering paragraph 10 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies the allegations contained therein.

11. Answering paragraph 11 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies the allegations contained therein.

14. Answering paragraph 14 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies the allegations contained therein.

15. Paragraph 15 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies the allegations contained therein.

16. Answering paragraph 16 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies the allegations contained therein.

17. Paragraph 17 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies the allegations contained therein.

18.     Answering paragraph 18 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies the allegations contained therein.

19.     Answering paragraph 19 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies the allegations contained therein.

20.     Paragraph 20 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies the allegations contained therein.

21.     Paragraph 21 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies the allegations contained therein.

22.     Paragraph 22 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies the allegations contained therein.

23.     Answering paragraph 23 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies the allegations contained therein.

24.     Answering paragraph 24 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies the allegations contained therein.

25.     Paragraph 25 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations contained therein.

26. Paragraph 26 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies the allegations contained therein.

**FIRST CLAIM FOR RELIEF**

27. Answering paragraph 27, Answering Defendant realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Paragraph 28 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and on that basis denies the allegations contained therein.

29. Paragraph 29 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies the allegations contained therein.

30. Paragraph 30 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies the allegations contained therein.

31. Paragraph 31 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies the allegations contained therein.

**SECOND CLAIM FOR RELIEF**

32. Answering paragraph 32, Answering Defendant realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

33. Answering paragraph 33 of the Complaint, Answering Defendant denies the allegations contained therein.

34. Answering paragraph 34 of the Complaint, Answering Defendant denies the allegations contained therein.

35. Answering paragraph 35 of the Complaint, Answering Defendant denies the allegations contained therein.

36. Paragraph 36 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and on that basis denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

37. Answering paragraph 37, Answering Defendant realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

38. Answering paragraph 38 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis denies the allegations contained therein.

39. Answering paragraph 39 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis denies the allegations contained therein.

40. Answering paragraph 40 of the Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40, and on that basis denies the allegations contained therein.

41. Paragraph 41 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies the allegations contained therein.

42. Paragraph 42 of the Complaint contains legal conclusions. To the extent a response thereto is required, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and on that basis denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction)**

The Court lacks subject matter jurisdiction over the claims under CERCLA alleged in the Complaint because CERCLA does not apply to the conduct of Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Personal Jurisdiction)**

The Court lacks personal jurisdiction over Defendant.

### THIRD AFFIRMATIVE DEFENSE

**(Defendant not within the Categories of Persons Liable Under CERCLA)**

If CERCLA can be applied to Defendant, which Defendant denies, Defendant is not now, and was not at any time past, within one of the categories of persons enumerated as liable under CERCLA, in 42 U.S.C. § 9607(a)(1)-(4).

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

**(Sufficient Cause)**

Defendant had sufficient cause within the meaning of 42 U.S.C. § 9606(b)(1) for any failure or refusal to comply with the General Notice letter made the basis of this suit, and therefore is not subject to the assessment of penalties and fines under that provision of CERCLA.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-compliance with National Contingency Plan)

The costs of response for which the Plaintiff seeks recovery are not in compliance with the National Contingency Plan and therefore are not recoverable in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Plaintioff's claims are barred by the statute of limitations set forth in Section 113 of CERCLA, 42 U.S.C. § 9613(g).

## EIGHTH AFFIRMATIVE DEFENSE

### (CERCLA Section l07(f))

The Plaintiff's claims for damages, including costs of assessment, are barred by CERCLA Section 107(f), 42 U.S.C. § 9607, to the extent that the Plaintiff seeks damages for injury that it cannot prove resulted from releases of hazardous substances by Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Harm Was Not Caused By Defendant)

To the extent the statute upon which the Complaint purports to be based, 42 U.S.C. §§ 9601 *et seq.,* has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant had no control and for which Defendant is not responsible.

## TENTH AFFIRMATIVE DEFENSE

### (Any Harm Suffered Was Caused By The Plaintiff/Third-Parties)

To the extent that the Plaintiff has suffered any harm, such harm was caused in whole or in part by the Plaintiff and/or by third parties unrelated by contract or otherwise to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Joint and Several Liability Not Permitted)**

In the event Defendant is held responsible for any of the harm or endangerment alleged in the Complaint and affirmative relief is granted against Defendant, the imposition of joint and several liability on Defendant is not permitted under the provisions of CERCLA. Substances discharged by Defendant are entirely divisible or distinct from the harm caused by discharges of third parties. Defendant can only be held responsible for that harm, if any, attributable to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

**(Liability Proportionate to Contribution)**

In the event Defendant is held responsible for any of the endangerment alleged in the Complaint and affirmative relief is granted against Defendant, then Defendant's liability should be proportionate to its contribution to the alleged harm or endangerment.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Release Caused by a Third Party)**

Plaintiff's claims against Defendant are barred on the grounds that the alleged release or threatened release of a hazardous substance and the alleged damages resulting from that release were caused solely and/or in part by the act or omission of a third party other than an employee or agent of Defendant, or one whose act or omission occurred in connection with a contractual relationship with Defendant, and that Defendant exercised due care with respect to the hazardous substance concerned and took precautions against foreseeable acts or omissions of those third parties and the consequences that could foreseeably result from those acts or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred by the doctrine of laches from pursuing any action against Defendant or obtaining any recovery from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has unreasonably failed to mitigate its damages.

**WHEREFORE,** Defendant prays for judgment and relief as follows:

1. That the Plaintiff take nothing by reason of its Complaint;
2. That the Complaint be dismissed with prejudice;
3. As against the State for contribution and cost recovery under CERCLA for past and future response costs, including reasonable attorneys' fees, expert witness' fees, oversight costs, third party investigatory costs, and interest, incurred by Defendant, as well as natural response damages, including assessment costs, in an amount to be proven at trial;
4. For costs of suit; and
5. For other and further relief which the Court may deem just and proper.

### Defendant's Demand for Jury Trial

Defendant assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Dated: November 16, 2009                LAW OFFICES OF JILBERT TAHMAZIAN

                                        /s/ Jilbert Tahmazian
                                        Jilbert Tahmazian
                                        Attorney for Defendant
                                        HOVSEP BOGHOSSIAN

**VERIFICATION OF ANSWER**

I, Hovsep Boghossian, is the defendant in the within action and hereby certify as follows:

1. I have read every paragraph of the foregoing Answer to the Complaint and verify that the statements therein are true and based on our personal knowledge.

2. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2009

/s/ Hovsep Boghossian
Hovsep Boghossian

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
)  ss
**COUNTY OF LOS ANGELES** )

    I am employed in the county of Los Angeles, State of California in the offices of a member of the State Bar of California at whose direction this service was made.  I am over the age of 18 and not a party to the within action.  My business address is 1518 West Glenoaks Boulevard, Glendale, California 91203.

    On the date set forth below, I served the foregoing document described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelope with postage thereon fully prepaid and addressed as set forth as follows:

William A. Weinischke, Esq.
P.O. Box 7611
Washington DC 20044

Leon Weidman, Esq.
Office of The US Attorney
300 North Los Angeles Street
Los Angeles, CA 90012

I hereby certify that on November 16, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.  Executed on November 16, 2009, in the City of Glendale, State of California.


 /s/ Alex Van Kovn
Alex Van Kovn