IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
WILLIAM A. WEINISCHKE
DAVIS H. FORSYTHE
bill.weinischke@usdoj.gov
davis.forsythe@usdoj.gov
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
601 D. Street, N.W.
Washington, DC  20004-2904
Tel:  (202) 514-4592
Fax:  (202) 514-2583

LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Central District of California
300 North Los Angeles Street, room 7516
Los Angeles, California  90012-3308
Tel:  (213) 894-2404
Fax: (213) 894-7819

Attorneys for Plaintiff United States of America

JILBERT TAHMAZIAN
Law Offices of Jilbert Tahmazian
1518 W. Glenoaks Bl.
Glendale, CA 91201
Tel: (818) 242-8201
Fax: (818) 242-8246
jilbert@jilbertlaw.com

Attorney for Defendants

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>                      Plaintiff,            )<br>                                                              )<br>               v.                                   )<br>                                                              )<br>718 WEST WILSON AVE.,             )<br>GLENDALE, CA 91203 and          )<br>HOVSEP BOGHOSSIAN,              )<br>                                                              )<br>                      Defendants.         ) | Case No. 2:09-cv-06487-JHN-VBK<br><br>**JOINT RULE 26(F) REPORT, PROPOSED CASE MANAGEMENT PLAN, AND [PROPOSED] ORDER** |

## I. Fed. R. Civ. P. 26 Meeting

Pursuant to Fed. R. Civ. P 26(f), Plaintiff the United States and Defendants (collectively "the parties") conferred by telephone on December 16, 2009.

### A. Appearing on behalf of Plaintiff were:

William Weinischke, United States Department of Justice

Davis Forsythe, United States Department of Justice

Thomas Butler, United States EPA Region 9

Robert Fitzgerald, United States EPA Region 9

### B. Appearing on behalf of Defendants was:

Jilbert Tahmazian, Law Offices of Jilbert Tahmazian

## II. Settlement

The parties have engaged in preliminary settlement discussions, and intend to continue those discussions, to the extent they continue to appear fruitful, while this litigation proceeds.

Pursuant to L.R. 16-15, the parties select Settlement Procedure No. 1 (appearance before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct).

Pursuant to General Order No. 07-01, the parties have completed the attached Alternative Dispute Resolution Pilot Program Questionnaire.

## III. Type of Trial

Although Defendants included a demand for jury trial pursuant to Fed. R. Civ. P. 38 in their Answer to the Complaint, filed November 17, 2009, Defendants hereby withdraw their demand for a jury trial, and the parties agree that this matter be tried by the court.

## IV. Subjects of Discovery

The parties anticipate seeking discovery on all matters alleged in Plaintiff's Complaint, and on each affirmative defense alleged in Defendants' Answer.

## V. Discovery Schedule

**A.  Initial Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will exchange initial disclosures on or before January 29, 2010.

**B.  Discovery Schedule:** The parties agree to the following discovery and trial schedule:

| Event | Date |
|---|---|
| Deadline to Join Additional Parties | March 19, 2010 |
| Expert Reports | April 23, 2010 |
| Rebuttal Expert Reports | May 21, 2010 |
| Document Custodian Affidavits | May 21, 2010 |
| Deadline to Amend Pleadings | June 11, 2010 |
| Close of Discovery | June 11, 2010 |
| Last Day to file Dispositive Motions | July 1, 2010 |
| Meeting of Counsel Prior to Final Pretrial Conference | August 6, 2010 (L.R. 16-2, at least 40 days before pretrial conference) |
| Joint Exhibit List | August 25, 2010 (L.R. 16-6.1, at least 21 days before pretrial conference) |
| Memorandum of Contentions of Fact and Law | August 25, 2010 (L.R. 16-4, at least 21 days before pretrial conference) |
| Last Day to File Motions in Limine | September 3, 2010 |
| Final Pretrial Conference Order | September 3, 2010 (L.R. 16-7, lodge order at least 11 days before final pretrial conference) |
| Final Pretrial Conference | September 15, 2010 |

| | | |
|---|---|---|
| Disclosure of Demonstratives | | September 24, 2010<br>(L.R. 16-3, 11 days before trial) |
| Trial Brief | | September 28, 2010<br>(L.R. 16-10, 7 days before trial) |
| Trial | | October 5, 2010 |

**C.    Trial:** At this time, the trial is expected to last approximately 1 week.

**VI.    Discovery**

    **A.    General Matters:**

        1.    **Non-waiver:** By exchanging documents and communications with each other, the parties do not waive any privilege, immunity, or other basis for confidentiality that otherwise applies to these documents and communications.

        2.    **Unnecessary Assertions of Privilege:** The parties agree that it will be unnecessary to produce, preserve, or assert any privilege over, by privilege log or otherwise, any electronic mail sent among attorneys jointly representing a client in the matter at issue, or between an attorney and his or her client in the matter at issue, without regard to the date on which such electronic communication was sent.

        3.    **Electronic Service:** All discovery requests served by a party shall be served by electronic mail, unless the parties agree to another procedure.

        4.    **Sequential Numbering:** For purposes of clarity and efficiency, to the extent possible, deposition exhibits (including fact and expert deposition exhibits) will be sequentially numbered during each deposition and throughout the course of depositions. For example, the first exhibit of the first deposition will be numbered one, the second exhibit will be numbered two and so forth. If the first deposition ends with exhibit five, then the second deposition will begin with exhibit six. If a previously numbered exhibit is used in a subsequent

deposition, the parties will use the number initially assigned to it.

**B. Interrogatories:** Each party is limited to 25 interrogatories, including, pursuant to Fed. R. Civ. P. 33(a), all discrete subparts.

**C. Requests for Admission:** The parties anticipate serving requests for admissions pursuant to Fed. R. Civ. P. 36.

**D. Requests for Production:** The parties anticipate serving requests for production pursuant to Fed. R. Civ. P. 34.

**E. Fact Depositions:** The parties will make good faith efforts to confer prior to scheduling depositions and to adhere to any schedules agreed upon by counsel. The parties will adhere to the following procedures:

    1. Notices of deposition may be served on counsel for the parties, without resort to subpoenas or further process;

    2. The time between service of deposition notice and the date set for the deposition by that notice shall be at least ten business days unless shortened by agreement of the parties or order of the Court; and

    3. Each deposition of a fact witness shall be limited to one day of 7 hours, excluding breaks, unless extended by agreement of the parties or order of the Court.

**F. Expert Discovery**

Notwithstanding any provision in the Fed. R. Civ. P. to the contrary, the following terms apply to both the production of documents under Rule 26(a)(2)(B), Rule 34, and Rule 45, and to the timing and scope of expert deposition testimony.

    1. At the time of submission of the expert reports, the parties will identify "the data or other information considered by the witness in forming [his or her] opinions," in accordance with Fed. R. Civ. P. 26(a)(2). For the purpose of this Case Management Plan, except as noted below, "considered documents" shall be

those documents (other than those determined to be not relevant after a cursory review) that have been furnished to the expert to be used in forming opinions, have been received and read or reviewed, or taken into account by the expert, regardless of whether the expert actually relies upon the document, in forming his or her opinion. Such "data or other information" may be subject to questioning during expert depositions. The party submitting expert reports will provide copies of all "considered" documents to the other party within 7 days of submitting the corresponding expert report(s). Where such "data or other information" was produced by either party in this litigation, identification by Bates number will be sufficient. The party submitting expert reports shall identify information that is publicly available, but is required to produce such documents only if it is more burdensome for the party receiving the report to obtain them than it would be for the party producing the report, and upon a specific request.

       2.    Notwithstanding the preceeding paragraph, all drafts and pre-final versions of the expert's report shall be outside the scope of expert discovery. "Drafts and pre-final versions" shall be interpreted to encompass only the following:

       a.    Draft or preliminary spreadsheets, tables, or other quantitative analyses, outlines, notes, other work papers or preliminary drafts of the expert's report that were created by the expert (or persons employed by or otherwise working for the expert) as part of preparing his/her report. However, if the testifying expert relies upon spreadsheets, tables, or other quantitative analysis created in preparation of his/her report, the final iteration of the document relied upon is subject to discovery, unless all information relied upon is contained in the expert's final report;

       b.    Drafts and pre-final versions exchanged between the

expert (or persons employed by or otherwise working for the expert) and another testifying expert.  However, if one testifying expert ("Expert A") relies on a document authored by another testifying expert ("Expert B"), the version of the document relied on is subject to discovery from Expert A, notwithstanding its status as a "draft" to the authoring expert, Expert B, unless all information considered by Expert A is contained in Expert B's final report; and

         c.     Non-substantive communications (including electronic mail) between the expert (or persons employed by or otherwise working for the expert) and the party or any representative thereof (including counsel);

     3.     Additionally, the following two categories of communication are not discoverable:

         a.     The substance of comments (both written and verbal) about drafts and pre-final versions of expert reports by an attorney or other representative of a party are not discoverable;

         b.     Except for the expert's hourly rate and estimates of the total time spent preparing the expert report, all documents or other information relating to the expert's contractual arrangement with the party (or any representative thereof) for purposes of preparing the expert report (e.g., billing statement, statements of work, etc.) shall not be discoverable, unless such documents fall into the category described in VI (F)(1) above.

     4.     With regard to expert depositions:

         a.     Each party will pay for the time that party's own expert spends in deposition; and

         b.     The 7 hour, one-day limit imposed by Rule 30(d)(2) shall apply to expert depositions.  If a party anticipates either before or during a deposition of an expert that an expert's deposition will take longer than 7 hours,

the parties shall discuss the need for an extension.  If the parties in this case cannot reach agreement regarding an extension, the party taking the deposition may seek relief from the Court and bears the burden of demonstrating that 7 hours are inadequate.

**G.     Effect of Inadvertent Production of Documents:** The parties recognize that, given the exigencies of complex litigation, the production of documents may be conducted in a manner which could lead to the inadvertent production of privileged or attorney work product documents and that such production may be unavoidable as a practical matter.

The parties agree that the inadvertent production of documents shall not, in and of itself, waive any privilege or attorney work product protection that would otherwise attach to the documents produced.  The following procedure shall apply to any such claim of inadvertent production: within 10 days of the date a party learns of the inadvertent production, the producing party will give all counsel of record notice of the claimed inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the party that produced a document claims that only a portion of the document was inadvertently produced, the party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.  Upon resolution of an inadvertent production claim in favor of the producing party, the originally produced non-redacted documents and all copies will be returned to the producing party and the party that received the inadvertently produced documents may not use them, nor any documents or materials containing information acquired or extracted from them, in any way in connection with this litigation or for any other purpose.

A party receiving documents produced by another party is under a good-faith obligation to alert the producing party if a document appears on its face or in light of facts known to the receiving party to be privileged or attorney work product. If a party receives a notice of inadvertent production within 10 days of such an alert, or within 10 days of the date that the producing party otherwise learns of the inadvertent production, the party and its counsel, agents, or any other person retained by the party in connection with this action shall not use the document for any purpose, pending the Court's resolution of the claim of inadvertent production and the validity of the claimed privilege or protection. In the absence of an agreement of the parties on the claim of inadvertent production and privilege, the burden is upon the party that inadvertently produced a document to move for a ruling concerning the inadvertency of the production and the validity of the privilege or attorney work product claim within 10 business days of sending the notice of inadvertent production. This time period may be extended by the parties upon written agreement should it appear that additional time will allow them to resolve the dispute without appeal to the court.

**H.    Joinder of Additional Parties:** U.S. Bank, which holds a mortgage on 718 West Wilson Blvd, Glendale, CA 91203, has indicated to the parties that it may seek to intervene in this action.

**I.    Electronic Disclosures**

1. Criteria for the Production of Electronic Documents. All documents or information provided by electronic means shall be provided in a reasonably usable form. Specifically, all documents or information shall:

    a.    be provided on a CD-ROM or on an external hard drive, USB 2.0, for Windows compatible personal computers;

    b.    be provided as 300 dpi single-page TIFF files;

        c.      minimally contain a start and end Bates number for each document and its extracted or OCR-processed text;

        d.      be uniquely Bates numbered (as part of the actual image file - not as an overlay);

        e.      be accompanied by a "cross reference file" which associates each Bates number with its corresponding single-page TIFF image file. The cross reference should also contain the image file path for each Bates numbered page. Cross reference files shall be formatted for Opticon or IPRO software; and

        f.      not contain passwords protecting files or media, or if passwords are contained, the passwords shall be provided.

    2.    <u>Preservation and Production of Electronically Stored Information</u>. The parties need not preserve the following categories of electronic information for this litigation:

        a.      data duplicated in any electronic back-up system for the purpose of system recovery or information restoration, including but not limited to, system recovery back-up tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

        b.      voicemail messages;

        c.      instant messages that are not ordinarily printed or

                  saved or maintained in a database;

      d.    electronic mail sent to or from a Personal Digital Assistant (e.g. Blackberry handheld) provided that a copy of such mail is routinely saved elsewhere;

      e.    other electronic data stored on a Personal Digital Assistant, such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

      f.    logs of calls made from cellular phones;

      g.    deleted computer files, whether fragmented or whole;

      h.    temporary or cache files, including internet history, web browser cache and cookie files, where located;

      i.    server, system or network logs; and

      j.    electronic data temporarily stored by laboratory equipment, monitoring equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

      3.    Similarly, the parties have no general obligation to provide privilege logs for the category of electronically stored information listed above in Paragraph VI(I)(2).

## VII. **Dispositive Motions**

The parties propose the motion schedule set forth above in Section V.

The United States anticipates filing partially dispositive or dispositive motions for summary judgment as to: 1) Defendants' liability under Section 107 of CERCLA; 2) the United States' costs recoverable under CERCLA in this

matter; and 3) Defendants' failure to timely and adequately respond to the United States' request for information under Section 104(e) of CERCLA..

## VIII. Conclusion

The parties propose that the Court enter the attached [Proposed] Order, adopting this Proposed Case Management Plan as the Case Management Plan for this action.

So Stipulated for Plaintiff the United States of America:

       IGNACIA S. MORENO
       Assistant Attorney General
       Environment and Natural Resources Division

By: _____/s/ Davis Forsythe_____

       WILLIAM A. WEINISCHKE
       DAVIS H. FORSYTHE
       bill.weinischke@usdoj.gov
       davis.forsythe@usdoj.gov
       Trial Attorneys
       Environmental Enforcement Section
       Environment and Natural Resources Division
       United States Department of Justice
       601 D. Street, N.W.
       Washington, DC  20004-2904
       Tel:  (202) 514-4592
       Fax:  (202) 514-2583

       LEON W. WEIDMAN
       Assistant United States Attorney
       Chief, Civil Division
       Central District of California
       300 North Los Angeles Street, room 7516
       Los Angeles, California  90012-3308
       Tel:  (213) 894-2404
       Fax: (213) 894-7819


       Attorneys for Plaintiff United States of America

Of Counsel:

THOMAS B. BUTLER
Assistant Regional Counsel
Office of the Regional Counsel, Region IX
U.S. Environmental Protection Agency
75 Hawthorne Street (ORC-3)
San Francisco, California  94105

So Stipulated for Defendants 718 West Wilson Ave., Glendale, CA 91203 and Hovsep Boghossian:

_____
JILBERT TAHMAZIAN
Law Offices of Jilbert Tahmazian
1518 W. Glenoaks Bl.
Glendale, CA 91201
Tel: (818) 242-8201
Fax: (818) 242-8246
jilbert@jilbertlaw.com

Attorney for Defendants