PETER J. SALMON (SBN 174386)
LAUREL I. HANDLEY (SBN 231249)
GENAIL M. ANDERSON (236834)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
EMAIL: ganderson@piteduncan.com

Attorneys for Plaintiff in Intervention U.S. BANK, NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>718 West Wilson Avenue<br>Glendale, California 91203<br>Lot 17 of Tract no. 4531, in the County of<br>Los Angeles, California, as per map recorded<br>at Book 52, page 18 of Parcel Maps, Office of<br>the County Recorder; and<br><br>Hovsep Boghossian,<br><br>Defendants. | Case No.  CV09-06487-JHN-VBK<br><br>U.S. BANK, NATIONAL ASSOCIATION'S COMPLAINT IN INTERVENTION FOR:<br><br>1.  FRAUDULENT MISREPRESENTATION;<br>2.  CONCEALMENT;<br>3.  FRAUD<br>4.  CONSPIRACY TO DEFRAUD (TWO COUNTS)<br>5.  BREACH OF CONTRACT (TWO COUNTS);<br>6.  UNJUST ENRICHMENT;<br>7.  NEGLIGENCE<br>8.  BREACH OF FIDUCIARY DUTY |
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>HOVSEP DERBOGHOSSIAN (a.k.a. HOVSEP BOGHOSSIAN) an individual, REMY MAZMANIAN, an individual, NATIONS TITLE COMPANY OF CALIFORNIA, REGENCY ESTATE PROPERTIES, INC., a California corporation, TRANSUNION TITLE INSURANCE COMPANY, and DOES 1 through 100, Inclusive,<br><br>Defendants in Intervention. | |

-1-
COMPLAINT IN INTERVENTION

**COMPLAINT IN INTERVENTION**

Plaintiff in Intervention U.S. Bank, NATIONAL ASSOCIATION ("Plaintiff in Intervention" or "U.S. BANK"), by and through its counsel of record, and pursuant to 42 U.S.C. § 9613 (i) and Federal Rules of Civil Procedure Rule 24, alleges as follows:

**PARTIES AND JURISDICTION**

1.      At all times herein mentioned, U.S. BANK was and is now a corporation duly licensed as a national bank and authorized to do business in the State of California.

2.      U.S. BANK is informed and believes and thereon alleges that at all times herein mentioned, Defendant in Intervention HOVSEP DERBOGHOSSIAN (a.k.a. HOVSEP BOGHOSSIAN) ("HOVSEP") was and is an individual residing in the County of Los Angeles, State of California.

3.      U.S. BANK is informed and believes and thereon alleges that at all times herein mentioned, Defendant in Intervention REMY MAZMANIAN ("REMY") was and is an individual residing in the County of Los Angeles, State of California.

4.      U.S. BANK is informed and believes and thereon alleges that Defendant in Intervention REGENCY ESTATE PROPERTIES, INC. ("REGENCY") was and is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in the State of California.

5.      U.S. BANK is further informed and believes and thereon alleges that REGENCY conducts business as both a professional real estate brokerage company and an escrow company.

6.      U.S. BANK is informed and believes and thereon alleges that at all times herein mentioned, Defendant in Intervention NATIONS TITLE COMPANY OF CALIFORNIA ("NATIONS TITLE") was and is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in the State of California.

7.      U.S. BANK is informed and believes and thereon alleges that at all times herein mentioned, Defendant in Intervention TRANSUNION TITLE INSURANCE COMPANY ("TRANSUNION") was and is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in the State of California.

8. U.S. BANK is informed and believes and thereon alleges that NATIONS TITLE is an agent for TRANSUNION.

9. The true names of Defendants herein named as DOES 1 through 100, inclusive are unknown to Plaintiff. Plaintiff will amend this Complaint to reflect the true names of said unknown Defendants when the same are ascertained.

10. U.S. BANK is informed and believes and thereon alleges that at all times herein mentioned REMY, HOVSEP, REGENCY and DOES 1 - 20 were the agents, employees and/or representatives of each other; and that each were acting within the course and scope of that agency, employment and/or representative capacity and with the permission and consent of each other.

11. Jurisdiction is appropriate pursuant to Rule 24 of the Federal Rules of Civil Procedure.

### GENERAL ALLEGATIONS

12. U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein.

13. U.S. BANK is informed and believes and thereon alleges that REMY is doing business in the County of Los Angeles, State of California under the fictitious firm name of Pioneer Lending Group.

14. U.S. BANK is informed and believes and thereon alleges that on or about August 9, 2001, REGENCY and Pioneer Lending Group submitted a document entitled "Application for Zoning Use Certificate" to the Glendale Building and Safety Department in connection with the real property located at 716-718 W. Wilson, Glendale, California ("the Subject Property"). A true and correct copy of the Application for Zoning Use Certificate is attached hereto as **Exhibit A**.

15. U.S. BANK is informed and believes and thereon alleges that on or about March 29, 2002, the State of California Regional Water Quality Control Board, Los Angeles Region issued a "Cleanup & Abatement Order No. R4-2002-0068 Requiring DRILUBE COMPANY to Assess, Cleanup and Abate the Effects of Contaminants Discharged to Soil and Groundwater" concerning the Subject Property ("Clean-up Order"), a true and correct copy of which is attached hereto as **Exhibit B**.

1      16.    U.S. BANK is further informed and believes and thereon alleges that the actual owner

2  of Drilube Co., Inc. ("Drilube") at the time of the issuance of the Clean-up Order, and prior thereto,

3  was REMY's father, Vartevar Mazamanian aka Varto Mazmanian.

4      17.    U.S. BANK is informed and believes and thereon alleges that prior to March 7, 2008,

5  the EPA was involved in a project to investigate certain real property located in the San Fernando

6  Valley, including the Subject Property, in connection with ground water pollution and

7  contamination.

8      18.    On or about March 7, 2008, a lien in the amount of $250,000.00 was recorded in the

9  Official Records of the Recorder's Office of Los Angeles County as Instrument No. 2008-0401128

10  in favor of the United States Environmental Protection Agency (the "EPA") and against REMY in

11  connection with the Subject Property ("the EPA Lien").  A true and correct copy of the EPA Lien

12  is attached hereto as **Exhibit C**.

13      19.    On or about March 28, 2008, Defendant HOVSEP and REMY entered into a Purchase

14  and Sale Agreement and Joint Escrow Instructions whereby HOVSEP agreed to purchase from

15  REMY and REMY agreed to sell to HOVSEP the Subject Property for the total sum of

16  $1,725,000.00.

17      20.    HOVSEP contacted U.S. BANK regarding obtaining a loan in connection with his

18  purchase of the Subject Property.

19      21.    On or about June 25, 2008, for good and valuable consideration, HOVSEP executed

20  a U.S. Small Business Administration Note ("Note") in favor of U.S. BANK in the principal sum

21  of $1,313,200.00.  A true and correct copy of the Note is attached hereto as **Exhibit D**.

22      22.    The Note was secured by a Deed of Trust in favor of U.S. BANK executed by

23  HOVSEP on or about June 20, 2008 encumbering the Subject Property ("Deed of Trust").

24      23.    The Deed of Trust was recorded in the Official Records of Recorder's Office of Los

25  Angeles County on June 27, 2008 as Instrument No. 20081147427.

26  /././

27  /././

28  /././

COMPLAINT IN INTERVENTION

24.     Attached to the Deed of Trust is a document entitled "Borrower's Certificate and indemnity Regarding Hazardous Substance" which HOVSEP executed on June 20, 2008. A true and correct copy of the Deed of Trust together with the Borrower's Certificate and Indemnity is attached hereto as **Exhibit E.** The Note and Deed of Trust are collectively referred to herein as the "Loan".

25.     On or about May 7, 2008, during escrow on the Loan, U.S. BANK obtained a Preliminary Report dated May 7, 2008, from NATIONS TITLE and REGENCY concerning the Subject Property ("the May Preliminary Report"). A true and correct copy of the May Preliminary Report is attached hereto as **Exhibit F.**

26.     The May Preliminary Report identifies at paragraph 13 the EPA Lien as an exception to title.

27.     On or about May 29, 2008, HOVSEP and REMY executed and delivered to U.S. BANK a document entitled "Environmental Questionnaire and Disclosure Statement" ("Environmental Questionnaire").

28.     On the Environment Questionnaire HOVSEP and REMY represented to U.S. BANK that no federal, state or local agencies had ever investigated, cited or been involved on the Subject Property for violations of any environmental law. HOVSEP and REMY further represented that no public agency had listed the Subject Property as a site requiring cleanup under any environmental law. A true and correct copy of the Environmental Questionnaire is attached hereto as **Exhibit G**.

29.     On or about June 16, 2008, U.S. BANK received an updated and superceding Preliminary Report dated June 16, 2008, from NATIONS TITLE concerning the Subject Property ("the June Preliminary Report").

30.     The June Preliminary Report does not in any way reference the existence of the EPA Lien. A true and correct copy of the June Preliminary Report is attached hereto as **Exhibit H**.

31.     On or about June 17, 2008, U.S. BANK sent a document entitled "Lender's Instructions to Title and Escrow" ("Lender's Instructions") to NATIONS TITLE and REGENCY. A true and correct copy of the Lender's Instructions are attached hereto as **Exhibit I**.

32.     The Lender's instructions provide in pertinent part that "funds will be wired in the amount of $1,313,200.00 to Nations Title Company of California for credit to buyer..."

33.     The Lender's instructions further provide in pertinent part on page 2 that "Escrow/Title is authorized to record and/or use the above items for benefit of our borrower when escrow/title can insure the following:

>    1.     ALTA Title Policy in the amount of $1,313,200.00 to be forwarded to us by Nations Title Company reflecting said Deed of Trust in a First Lien Position. Subject only to items numbered: 1(Pay if assessed), 2 (Pay taxes due plus penalties), 3 (Pay if assessed), 4(Pay if assessed), 5 (Issue endorsement 103.5), 6, 8, 9, (please issue endorsement 1031.1) as shown on preliminary title Report dated June 16, 2008. (emphasis in original)

34.     The Lender's Instructions further provides that "Any deviation of the terms set forth above is not acceptable without the prior written approval of U.S. Bank National Association."

35.     During escrow on the Loan, HOVSEP and REMY submitted to U.S. BANK a Phase I Environmental Site Assessment dated June 20, 2008 purportedly completed for the Subject Property by Conservation Consulting International ("Phase I ESA"). A true and correct copy of the Phase I ESA is attached hereto as **Exhibit J**.

36.     The Phase I ESA found that the environmental concerns with the Subject Property had been remediated and that "evidence was not found that the Property contributed to the heavy metal impacted groundwater beneath the Property." Based on these findings, the Phase I ESA did not recommend additional assessment.

37.     U.S. BANK is informed and believes, and thereon alleges, that the Phase I ESA was a false and fraudulent document created by HOVSEP and REMY.

38.     U.S. BANK is informed and believes, and thereon alleges, that the Phase I ESA was a misrepresentation of another environmental assessment completed on behalf of REMY on February 15, 2008 for 722 West Wilson Avenue, Glendale, California, another property which, at the time the Phase I ESA was completed, was also owned by REMY.

39.     U.S. BANK is informed and believes, and thereon alleges, that HOVSEP and REMY altered the Phase I ESA to make it appear that it was completed for the Subject Property.

/././

40.     On or about June 26, 2008, NATIONS TITLE sent U.S. BANK an e-mail inquiring as to whether "it was ok to show item 13 on Schedule B of the Title Policy".

41.     U.S. BANK responded "yes" because U.S. BANK was relying upon the June Preliminary Report wherein item 13 reflects a Statement of Information.

42.     U.S. BANK did not agree, and would not have agreed, to the EPA Lien as an exception to title.

43.     U.S. BANK is informed and believes, and thereon alleges, that the bank statements from Wachovia Bank checking account number 1005901393742 for the periods February 8, 2008 through May 7, 2008 submitted by HOVSEP during escrow were altered to reflect an inaccurate and false account balance which was higher than the actual balance of the account.

44.     U.S. BANK is informed and believes, and thereon alleges, that the bank statements from Bank of America checking account number 01626-73253 for the periods February 1, 2008 through April 30, 2008 submitted by HOVSEP during escrow were altered to reflect an inaccurate and false account balance which was higher than the actual balance of the account.

45.     Prior to funding the Loan, U.S. BANK required HOVSEP to tender a deposit to escrow.

46.     A copy of a cashier's check no. 418835118 obtained from Bank of America in the amount of $307,000.00 and made payable to REGENCY was submitted to U.S. BANK as proof that HOVSEP had satisfied the deposit required by U.S. BANK.

47.     U.S. BANK is informed and believes, and thereon alleges, that the amount indicated on the copy of cashier's check no. 418835118 obtained from Bank of America submitted to U.S. BANK was altered to reflect an inaccurate and false amount.

48.     U.S. BANK is informed and believes, and thereon alleges, that the amount indicated on the actual cashier's check no. 418835118 obtained from Bank of America was $3,700.00. Thus, U.S. BANK is informed and believes, and thereon alleges that HOVSEP did not tender the required deposit to escrow.

49.     The settlement statement also reflects a deposit by HOVSEP in the amount of $307,000.00.

50.     U.S. BANK is informed and believes, and thereon alleges, that the settlement statement contains inaccurate and false information.

51.     Escrow on the loan closed on June 26, 2008.

52.     HOVSEP defaulted on his payment obligations under the Note and Deed of Trust by failing to pay the installment which became due on July 26, 2008, plus all subsequent installments under the Loan.

53.     On or about January 16, 2009, U.S. BANK for the first time received the final Title Policy from NATIONS TITLE as issued by TRANSUNION ("Title Policy"). A true and correct copy of the Title Policy issued by TRANSUNION is attached hereto as **Exhibit K.**

54.     Schedule B-1 of the Title Policy is entitled "EXCEPTIONS FROM COVERAGE". Section B-1 provides in pertinent part that "Except as provided in Schedule B-Part II, this policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:...8. A lien for Notice of Lien in favor of United States Environment Protection Agency Against Remy Mazmanian..." (i.e., the EPA Lien.)

55.     Immediately after discovering the EPA Lien, U.S. BANK submitted a claim against the Title Policy by letter dated January 29, 2009, to TRANSUNION ("Title Claim"). The Title Claim was based on the existence of the EPA Lien, which had been omitted from the June Preliminary Report, on which U.S. Bank relied. A true and correct copy of the Title Claim is attached hereto as **Exhibit L.**

56.     The Title Claim was denied by TRANSUNION by letter dated June 8, 2009, which denies that NATIONS TITLE issued the June Preliminary Report and indicates the belief by TRANSUNION that the June Preliminary Report was the subject of "fraudulent alterations" made to the May Preliminary Report ("Claim Denial"). A true and correct copy of the Claim Denial is attached hereto as **Exhibit M.**

57.     U.S. BANK is informed and believes and thereon alleges that REMY and HOVSEP, and each of them, had knowledge of the Clean-Up Order.

58.     REMY approved a clean-up work plan proposed by the EPA prior to executing the Environmental Questionnaire.

59.     U.S. BANK is further informed and believes and thereon alleges that soon after REMY approved the work plan, he stopped paying the contractors who were engaged in the clean-up efforts of the Subject Property, thus leaving the Subject Property environmentally impaired.

60.     U.S. BANK is informed and believes and thereon alleges that prior to May 29, 2008, REMY told the EPA that $50,000.00 of the proposed sale proceeds from the Subject Property would be used in connection with clean-up efforts of the Subject Property.

61.     U.S. BANK is informed and believes and thereon alleges that no portion of the sale proceeds were used to investigate and/or clean-up environmental conditions at the Subject Property.

62.     U.S. BANK is informed and believes and thereon alleges that on or about June 20, 2008, HOVSEP and REMY entered into a Lease agreement whereby HOVSEP agreed to lease the Subject Property to REMY for a period of three (3) years commencing on July 15, 2008 in exchange for REMY paying monthly rent in the sum of $4,500.00 to HOVSEP ("Lease").  A true and correct copy of the Lease is attached hereto as **Exhibit N**.

63.     On or about June 20, 2008, U.S. BANK, as Lender, HOVSEP, as Owner, and REMY, as Tenant, entered into a document entitled "Subordination, Attornment and Non-Disturbance Agreement (No SubTenant)" ("Subordination Agreement").

64.     The Subordination Agreement was recorded in the Official Records of Recorder's Office of Los Angels on June 27, 2008, as Instrument No. 20081147430.  A true and correct copy of the Subordination Agreement is attached hereto as **Exhibit O**.

65.     U.S. BANK is informed and believes and thereon alleges that subsequent to HOVSEP purchasing the Subject Property, the EPA contacted HOVSEP to request that he undertake clean-up efforts and investigation of the Subject Property.

66.     U.S. BANK in informed and believes and thereon alleges that HOVSEP told the EPA that he had an indemnification letter from REMY concerning the Clean-Up Order which he had requested as a condition to the sale of the Subject Property.

67.     U.S. BANK is further informed and believes and thereon alleges that HOVSEP never provided the EPA with a copy of the purported indemnification letter despite his promise to the contrary.

### FIRST CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION
**(Against Defendants in Intervention REMY and HOVSEP and DOES 1-10)**

68.     U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 66 above as though fully set forth herein.

69.     U.S. BANK is informed and believes and thereon alleges that HOVSEP and REMY knew that the representations concerning the Environmental Questionnaire and Phase I ESA were false when they made them to U.S. BANK.

70.     U.S. BANK is informed and believes and thereon alleges that HOVSEP knew that the account balances indicated on the Bank of America checking account statements, Wachovia Bank checking account statements and the $307,000.00 amount indicated on the copy of the cashier's check were false when those documents were submitted to U.S. BANK.

71.     HOVSEP and REMY knew that U.S. BANK would, and did, rely upon their representations in its evaluation and agreement to loan the sum of $1,313,200.00 to HOVSEP.

72.     U.S. BANK is informed and believes and thereon alleges that the conduct of HOVSEP and REMY was intentional.

73.     U.S. BANK is informed and believes and thereon alleges that the misrepresentations, deceit and/or concealment of material facts known to HOVSEP and REMY included, without limitation, the ultimate non-disclosure of the EPA lien.

74.     U.S. BANK is informed and believes and thereon alleges that the misrepresentations, deceit and/or concealment of material facts were intended on the part of HOVSEP, REMY, and each of them, to induce U.S. BANK to lend the funds to HOVSEP, to the economic injury of U.S. BANK.

75.     At the time these misrepresentations, deceit and/or concealment of facts occurred and at the time U.S. BANK closed escrow on the Subject Transaction, U.S. BANK was ignorant of the falsity of the representations of HOVSEP, REMY, and each of them, and believed them to be true.

76.     In reliance on the representations made by HOVSEP, REMY, and each of them, as herein alleged, U.S. BANK loaned the sum of $1,313,200.00 to HOVSEP.

77.     U.S. BANK would not have loaned the sum of $1,313,200.00 to HOVSEP had U.S. BANK known the falsity of the statements or true state of the Subject Property.

78.     As a proximate result of the misrepresentations, deceit and/or concealment of material facts by HOVSEP, REMY, and each of them, U.S. BANK has been damaged in an amount to be determined at the time of trial, but no less than the principal balance of the note secured by the trust deed plus accrued interest, late charges, expenses, prejudgment interest and attorney's fees and costs which remain due and owing under the note and trust deed.

79.     U.S. BANK has been required to retain counsel to prosecute this matter.

## SECOND CAUSE OF ACTION
### CONCEALMENT
**(Against Defendants in Intervention REMY, HOVSEP, REGENCY and Does 1 - 20)**

80.     U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 78 above as though fully set forth herein.

81.     HOVSEP, REMY, and each of them, falsely represented on the Environmental Questionnaire that no federal, state or local agencies had ever investigated, cited or been involved with the Subject Property for violations of any environmental law and that no public agency had listed the Subject Property as a site requiring cleanup under any environmental law.

82.     HOVSEP, REMY, REGENCY, Does 1-20, and each of them, intentionally concealed from U.S. BANK the existence of the Clean-Up Order as well as the EPA Lien because HOVSEP, REMY, REGENCY, and Does 1-20, and each of them, knew that if U.S. BANK discovered these facts, U.S. BANK would not have agreed to loan HOVSEP, the sum of $1,313,200.00 to finance HOVSEP's purchase of the Subject Property from REMY.

83.     As a proximate result of the concealment of material facts by HOVSEP, REMY, REGENCY, Does 1-20, and each of them, U.S. BANK has been damaged in an amount to be determined at the time of trial, but no less than the principal balance of the note secured by the trust deed plus accrued interest, late charges, expenses, prejudgment interest and attorney's fees and costs which remain due and owing under the note and trust deed.

84.     U.S. BANK has been required to retain counsel to prosecute this matter.

/././

/././

/././

-11-
COMPLAINT IN INTERVENTION

### THIRD CAUSE OF ACTION
#### CONSPIRACY TO DEFRAUD
**(Against Defendants in Intervention REMY, HOVSEP, REGENCY and DOES 1- 50)**

85.   U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 83 above as though fully set forth herein.

86.   HOVSEP, REMY, REGENCY and DOES 1-50, and each of them, had full knowledge that U.S. BANK would not have lent any money to HOVSEP had HOVSEP and REMY, and each of them, submitted an accurate phase I environmental site assessment for the Subject Property.

87.   HOVSEP, REMY, REGENCY and DOES 1-50, and each of them, had full knowledge that U.S. BANK would not have lent any money to HOVSEP had HOVSEP and REMY, and each of them, truthfully responded to the Environmental Questionnaire.

88.   HOVSEP, REMY, REGENCY and DOES 1-50, and each of them, had full knowledge that U.S. BANK would not have lent any money to HOVSEP unless HOVSEP tendered the required deposit amount into escrow.

89.   HOVSEP, REMY, REGENCY and DOES 1 through 50, and each of them, willfully, knowingly and maliciously conspired and agreed by and amongst themselves to defraud U.S. BANK by intentionally concealing and misrepresenting the environmental concerns with the Subject Property and the amount of the deposit tendered to escrow by HOVSEP.

90.   In furtherance of their conspiracy, HOVSEP, REMY, REGENCY and DOES 1 through 50, and each of them, intentionally misrepresented and concealed material facts, withheld important documents from U.S. BANK, prepared inaccurate documentation that substantially and adversely altered the parties' relative position, and ultimately manipulated the process to effectuate a loan in the amount of $1,313,200.00 from U.S. BANK without U.S. BANK's knowledge of the deceit, falsity of the representations, concealed material facts or true state of the Subject Property.

91.   At the time HOVSEP, REMY, REGENCY and DOES 1 through 50, and each of them, made their misrepresentations and concealed material facts about the environmental concerns of the Subject Property to U.S. BANK, HOVSEP, REMY, REGENCY and DOES 1 through 50, and each of them, were aware that such misrepresentations and the concealment of material facts had been

1 | made to U.S. BANK, and they each jointly collaborated to effectuate a scheme to deprive U.S.

2 | BANK of its rights and remedies.

3 |      92.     As a proximate result of the deceit, intentional misrepresentations and concealment

4 | of HOVSEP, REMY, REGENCY and DOES 1 through 50, and each of them, U.S. BANK has been

5 | damaged in an amount to be determined at the time of trial, but no less than the principal balance of

6 | the note secured by the trust deed plus accrued interest, late charges, expenses, prejudgment interest

7 | and attorney's fees and costs which remain due and owing under the note and trust deed.

8 |      93.     U.S. BANK has been required to retain counsel to prosecute this matter.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT
**(Against Defendant in Intervention REMY)**

11 |      94.     U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through

12 | 92 above as though fully set forth herein.

13 |      95.     U.S. BANK has performed all conditions, covenants, and promises required of it to

14 | be performed in accordance with the terms and conditions of the Subordination Agreement.

15 |      96.     The Subordination Agreement provides in pertinent part at paragraph 8 that "if

16 | [HOVSEP] defaults in its performance of the terms of the Deed of Trust/Mortgage, Tenant agrees

17 | to recognize the Assignment of Rents made by [HOVSEP] to U.S. BANK and shall pay to [U.S.

18 | BANK, as assignee]...the rents under the Lease..."

19 |      97.     HOVSEP is in default of his payment obligations under the Note and Deed of Trust

20 | by failing to pay the installment which became due on July 26, 2008, plus all subsequent installments

21 | under the Loan.

22 |      98.     U.S. BANK provided REMY with written notice of HOVSEP's default on or about

23 | December 2, 2008.

24 |      99.     REMY breached the terms of the Subordination Agreement by failing to tender his

25 | monthly payment obligation of $4,500.00 on January 1, 2009, and each monthly payment due

26 | thereafter, to U.S. BANK.

27 | /./.

28 | /./.

100.    The Subordination Agreement also provides that in the event of any litigation or other action to enforce the Subordination Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

101.    U.S. BANK has been required to retain counsel to prosecute this matter.

**FIFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Against Defendants in Intervention REMY and HOVSEP)**

102.    U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 100 above as though fully set forth herein.

103.    HOVSEP, REMY, and each of them, have wrongly received the benefits of the loan transaction, including the transfer of money in regard thereto. HOVSEP, REMY, and each of them, have been unjustly enriched at U.S. BANK's expense by virtue of their retention of such benefits.

104.    As a result thereof, U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount according to proof.

105.    U.S. BANK has been required to retain counsel to prosecute this matter.

**SIXTH CAUSE OF ACTION**
**NEGLIGENCE**
**(Against Defendants in Intervention REGENCY, NATIONS TITLE, TRANSUNION and DOES 51-100)**

106.    U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 89 above as though fully set forth herein.

107.    NATIONS TITLE and REGENCY, and each of them, had a duty to exercise ordinary skill and diligence in carrying out its contractual duties under the Lender's Instructions.

/././

/././

/././

/././

/././

/././

-14-
COMPLAINT IN INTERVENTION

108.    NATIONS TITLE and REGENCY, and each of them, breached their duty by failing to insure the issuance of an ALTA Title Policy reflecting U.S. BANK's Deed of Trust in a first lien position, "Subject only to items numbered: 1 (Pay if assessed), 2 (Pay taxes due plus penalties), 3 (Pay if assessed), 4 (Pay if assessed), 5 (Issue endorsement 103.5) 6, 8, 9 (Please issue endorsement 103.1) *as shown on preliminary title report dated June 16, 2008*" (Emphasis added) prior to closing escrow as specifically and expressly instructed by U.S. BANK in the Lender's Instructions, or to otherwise communicate their belief that no such report existed.

109.    As a proximate result of the breach by NATIONS TITLE and REGENCY, U.S. BANK closed escrow on the Loan to its detriment.

110.    NATIONS TITLE and TRANSUNION were the agents of each other and, at all relevant times herein, were acting in the course and scope of their agency, and authority and with the permission and consent of each co-defendant herein.

111.    As a result of said agency relationship, TRANSUNION is liable for the actions of NATIONS TITLE done within the course and scope thereof.

112.    As a result thereof, U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount according to proof.

113.    U.S. BANK has been required to obtain counsel to prosecute this matter.

### SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
**(Against Defendants in Intervention NATIONS TITLE, REGENCY and TRANSUNION)**

114.    U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 112 above as though fully set forth herein.

115.    NATIONS TITLE and REGENCY, and each of them, had a duty to strictly comply with the Lender's Instructions.

116.    REGENCY, as an escrow holder, also had a fiduciary duty to U.S. BANK in connection with the Subject Transaction.

117.    NATIONS TITLE and REGENCY, and each of them, breached their duties by failing to insure the issuance of an ALTA Title Policy reflecting U.S. BANK's Deed of Trust in a first lien

COMPLAINT IN INTERVENTION

1  position, "Subject only to items numbered: 1 (Pay if assessed), 2 (Pay taxes due plus penalties), 3

2  (Pay if assessed), 4 (Pay if assessed), 5 (Issue endorsement 103.5) 6, 8, 9 (Please issue endorsement

3  103.1) *__as shown on preliminary title report dated June 16, 2008__*" (Emphasis added) prior to closing

4  escrow as specifically and expressly instructed by U.S. BANK in the Lender's Instructions, or to

5  otherwise communicate their belief that no such report existed.

6       118.    As a proximate result of the breach by NATIONS TITLE and REGENCY, U.S.

7  BANK closed escrow on the Loan to its detriment.

8       119.    NATIONS TITLE and TRANSUNION were the agents of each other and, at all

9  relevant times herein, were acting in the course and scope of their agency, and authority and with the

10  permission and consent of each co-defendant herein.

11       120.    As a result of said agency relationship, TRANSUNION is liable for the actions of

12  NATIONS TITLE done within the course and scope thereof.

13       121.    As a result thereof, U.S. BANK has been damaged in the sum of no less than

14  $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs

15  related thereto, all in an amount according to proof.

16       122.    U.S. BANK has been required to obtain counsel to prosecute this matter.

17  ### EIGHTH CAUSE OF ACTION
**FRAUD**

18  **(Against All Defendants)**

19       123.    U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through

20  121 above as though fully set forth herein.

21       124.    U.S. BANK is informed and believes and thereon alleges that Defendants

22  intentionally forwarded to U.S. Bank the June Preliminary Report, which was inaccurate and false

23  in that it did not include any reference to the existence of the EPA Lien.

24       125.    U.S. BANK is informed and believes and thereon alleges that Defendants

25  intentionally forwarded to U.S. Bank the Phase I ESA, which was inaccurate and false in that it was

26  not prepared by Conservation Consulting International for the Subject Property.

27  /./.

28  /./.

COMPLAINT IN INTERVENTION

1    126.   U.S. BANK is informed and believes and thereon alleges that HOVSEP intentionally

2  submitted the copy of the cashier's check and the bank statements from Wachovia Bank and Bank

3  of America, which had all been altered to reflect amounts which were false and inaccurate.

4    127.   U.S. BANK is informed and believes and thereon alleges that at the time Defendants

5  forwarded the June Preliminary Report, Phase I ESA, the copy of the cashier's check and the bank

6  statements from Wachovia Bank and Bank of America, Defendants knew that each of these

7  documents were inaccurate and false.

8    128.   U.S. BANK is informed and believes and thereon alleges that Defendants forwarded

9  the June Preliminary Report, Phase I ESA, the copy of the cashier's check and the bank statements

10  from Wachovia Bank and Bank of America to U.S. BANK with the intent to defraud U.S. Bank as

11  to the financial status of HOVSEP and by concealing the existence of the EPA Lien.

12    129.   U.S. BANK actually and justifiably relied on the June Preliminary Report, Phase I

13  ESA, the copy of the cashier's check and the bank statements from Wachovia Bank and Bank of

14  America in the evaluation and underwriting of the Loan.

15    130.   NATIONS TITLE and TRANSUNION were the agents of each other and, at all

16  relevant times herein, were acting in the course and scope of their agency, and authority and with the

17  permission and consent of each co-defendant herein.

18    131.   As a result of said agency relationship, TRANSUNION is liable for the actions of

19  NATIONS TITLE done within the course and scope thereof.

20    132.   As a result of U.S. BANK'S reliance on the June Preliminary Report, Phase I ESA,

21  the copy of the cashier's check and the bank statements from Wachovia Bank and Bank of America,

22  U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest,

23  attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount

24  according to proof.

25    133.   U.S. BANK has been required to obtain counsel to prosecute this matter.

26  /././

27  /././

28  /././

COMPLAINT IN INTERVENTION

### NINTH CAUSE OF ACTION
### CONSPIRACY TO DEFRAUD
### (Against All Defendants)

134.   U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 132 above as though fully set forth herein.

135.   U.S. BANK is informed and believes and thereon alleges that Defendants had full knowledge that U.S. BANK would not have lent any money to HOVSEP if U.S. Bank was aware of the failure of the June Preliminary Report to reveal the EPA Lien.

136.   U.S. BANK is informed and believes and thereon alleges that Defendants, and each of them, willfully, knowingly and maliciously conspired and agreed by and amongst themselves to defraud U.S. BANK by intentionally submitting an inaccurate and false preliminary report which concealed the existence of the EPA Lien to U.S. BANK.

137.   In furtherance of their conspiracy, Defendants, and each of them, intentionally misrepresented and concealed material facts, withheld important documents from U.S. BANK, prepared inaccurate documentation that substantially and adversely altered the parties' relative position, and ultimately manipulated the process to effectuate a loan in the amount of $1,313,200.00 from U.S. BANK without U.S. BANK's knowledge of the deceit, falsity of the representations, concealed material facts or true state of the Subject Property.

138.   At the time Defendants, and each of them, submitted the June Preliminary Report to U.S. BANK, Defendants, and each of them, were aware of its falsity, and they each jointly collaborated to effectuate a scheme to deprive U.S. BANK of its rights and remedies.

139.   As a proximate result of Defendants submittal of the inaccurate and false June Preliminary Report to U.S. BANK, U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount according to proof.

140.   U.S. BANK has been required to retain counsel to prosecute this matter.

/././

/././

/././

## NINTH CAUSE OF ACTION
### CONSPIRACY TO DEFRAUD
### (Against All Defendants)

134.   U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 132 above as though fully set forth herein.

135.   U.S. BANK is informed and believes and thereon alleges that Defendants had full knowledge that U.S. BANK would not have lent any money to HOVSEP if U.S. Bank was aware of the failure of the June Preliminary Report to reveal the EPA Lien.

136.   U.S. BANK is informed and believes and thereon alleges that Defendants, and each of them, willfully, knowingly and maliciously conspired and agreed by and amongst themselves to defraud U.S. BANK by intentionally submitting an inaccurate and false preliminary report which concealed the existence of the EPA Lien to U.S. BANK.

137.   In furtherance of their conspiracy, Defendants, and each of them, intentionally misrepresented and concealed material facts, withheld important documents from U.S. BANK, prepared inaccurate documentation that substantially and adversely altered the parties' relative position, and ultimately manipulated the process to effectuate a loan in the amount of $1,313,200.00 from U.S. BANK without U.S. BANK's knowledge of the deceit, falsity of the representations, concealed material facts or true state of the Subject Property.

138.   At the time Defendants, and each of them, submitted the June Preliminary Report to U.S. BANK, Defendants, and each of them, were aware of its falsity, and they each jointly collaborated to effectuate a scheme to deprive U.S. BANK of its rights and remedies.

139.   As a proximate result of Defendants submittal of the inaccurate and false June Preliminary Report to U.S. BANK, U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount according to proof.

140.   U.S. BANK has been required to retain counsel to prosecute this matter.

/./.

/./.

/./.

COMPLAINT IN INTERVENTION

### TENTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
**(Against Defendant in Intervention REGENCY)**

141.    U.S. BANK hereby incorporates the allegations contained in Paragraphs 1 through 139 above as though fully set forth herein.

142.    REGENCY, as an escrow holder, had a fiduciary duty to U.S. BANK in connection with the Subject Transaction.

143.    REGENCY had knowledge of the environmental concerns with the Subject Property prior to entering escrow on the Loan.

144.    REGENCY had knowledge of the actual amount of the cashier's check tendered by HOVSEP to satisfy U.S. BANK'S deposit requirement.

145.    REGENCY knew, or should have known, that the environmental concerns with the Subject Property was material information that would affect U.S. BANK'S evaluation and underwriting of the Loan.

146.    REGENCY knew, or should have known, that the actual amount of the cashier's check tendered by HOVSEP was material information that would affect U.S. BANK'S evaluation and underwriting of the Loan.

147.    REGENCY breached its fiduciary duty by failing to disclose the actual amount of the cashier's check tendered by HOVSEP and the environmental concerns with the Subject Property.

148.    As a proximate result of the breach by REGENCY, U.S. BANK closed escrow on the Loan to its detriment.

149.    As a result thereof, U.S. BANK has been damaged in the sum of no less than $1,313,200.00, together with interest, attorneys' fees and costs, as well as other charges and costs related thereto, all in an amount according to proof.

150.    U.S. BANK has been required to obtain counsel to prosecute this matter.

/./.

/./.

/./.

/./.

1   **WHEREFORE**, U.S. BANK prays for judgment as follows:

2   **AS TO THE FIRST THROUGH THIRD AND FIFTH THROUGH TENTH CAUSES OF**

3   **ACTION**

4       1.      For damages, all according to proof, in the sum of $1,313,200.00, plus interest, late

5   charges, expenses, prejudgment interest which remain due and owing under the Note and Deed of

6   Trust.

7       2.      For attorney's fees and costs.

8   **AS TO THE FOURTH CAUSE OF ACTION AGAINST REMY**

9       1.      For damages, all according to proof, of $4,500 per month beginning from January 1,

10  2009 and continuing until the date of judgment and prejudgment interest.

11      2.      For attorney's fees and cost.

12  **AS TO EACH CAUSE OF ACTION AGAINST ALL DEFENDANTS IN**

13  **INTERVENTION**

14      1.      For costs of suit herein incurred.

15      2.      For such other and further relief as the Court deems just and proper.

16  Dated: December 16, 2009              PITE DUNCAN, LLP

17

18                                        GENAIL M. ANDERSON
                                          Attorney for Plaintiff in Intervention U.S. BANK,
19                                        NATIONAL ASSOCIATION

20

21

22

23

24

25

26

27

28

-20-
COMPLAINT IN INTERVENTION

**VERIFICATION**

STATE OF CALIFORNIA        )
                          )
COUNTY OF SAN DIEGO        )

I, the undersigned, declare as follows:

At all relevant times herein, I was, and continue to be, an employee of the Plaintiff in Intervention, U.S. Bank, National Association, in the above-captioned matter and I am authorized by U.S. Bank to make this verification. I have read the foregoing Complaint in Intervention and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of December, 2009, at San Diego, California.

_____
PATRICIA S. LUGO
Assistant Vice President &
Senior Liquidation Officer
U.S. BANK NATIONAL ASSOCIATION

-21-
COMPLAINT IN INTERVENTION