MARK L. KIEFER, ESQ., Bar #116633
ERICKSEN ARBUTHNOT
835 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2603
(213) 489-4411 / (213) 489-4332 Fax
E-mail: mkiefer@ericksenarbuthnot.com

FILED
CLERK, U.S. DISTRICT COURT

MAY 17 2010
3.03

CENTRAL DISTRICT OF CALIFORNIA
BY          MMD          DEPUTY

Attorneys for Defendant-In-Intervention NATIONS TITLE COMPANY OF
CALIFORNIA, a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>718 WEST WILSON AVENUE, GLENDALE, CALIFORNIA 91203; LOT 17 of TRACT NO. 4531, IN THE COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP RECORDED AT BOOK 52, PAGE 18 OF PARCEL MAPS, OFFICE OF THE COUNTY RECORDER; AND HOVSEP BOGHOSSIAN,<br><br>Defendants.<br><br>U.S. BANK, NATIONAL ASSN,<br><br>Plaintiff In Intervention,<br><br>vs.<br><br>HOVSEP DERBOGHOSSIAN (aka HOVSEP BOGHOSSIAN), an individual, REMY MAZMANIAN, an individual , NATIONS TITLE COMPANY OF CALIFORNIA, REGENCY ESTATE PROPERTIES, INC., a California Corporation, TRANSUNION TITLE INSURANCE COMPANY and DOES 1 through 100, Inclusive,<br><br>Defendants In Intervention | CASE NO: CV 09-06487 JHN VBKx<br><br>Assigned Judge: Hon. Jacqueline H. Nguyen<br><br>Complaint Filed: 9/30/09<br>Complaint In Intervention Filed: 1/28/10<br><br>Trial: None Set<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-IN-INTERVENTION NATIONS TITLE COMPANY OF CALIFORNIA TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM; REQUEST FOR JURY TRIAL** |

1

# ANSWER AND AFFIRMATIVE
# DEFENSES

COMES NOW, Defendant-In-Intervention NATIONS TITLE COMPANY OF CALIFORNIA ("DEFENDANT") and hereby files and serves its Answer and Affirmative Defenses in response to Plaintiff's Complaint-In-Intervention ("COMPLAINT") and states as follows:

## ANSWER

## I. PARTIES AND JURISDICTION

**1.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

**2.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same.

**3.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same.

**4.**

Defendant lacks sufficient knowledge or information to form a belief as

2

to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

**5.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

**6.**

Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

**7.**

Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

**8.**

Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

**9.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

**10.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint,

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

and therefore denies the same.

**11.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

**12.**

Defendant incorporates its responses to Paragraphs 1-11 in response to Paragraph 12.

**13.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies the same.

**14.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14of the Complaint, and therefore denies the same.

**15.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the same.

**16.**

Defendant lacks sufficient knowledge or information to form a belief as

4

to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

### 17.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.

### 18.

Defendant admits that there is a recorded notice of lien by the EPA but Defendant lacks sufficient knowledge or information to form a belief as to the truth of the reminder allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.  Defendant adds that the document attached to the Complaint as Exhibit "C" does not state a lien amount of $250,000, nor any amount.

### 19.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

### 20.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

### 21.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**22.**

Upon information and belief, Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

**23.**

Upon information and belief, Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

**24.**

Upon information and belief, Defendant admits the allegations set forth in Paragraph 24 of the Complaint.

**25.**

Defendant admits the allegations set forth in Paragraph 25 of the Complaint.

**26.**

Defendant admits the allegations set forth in Paragraph 26 of the Complaint.

**27.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies the same.

**28.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint,

6

and therefore denies the same.

### 29.

Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

### 30.

Defendant admits as to Paragraph 30 of the Complaint that the document that Plaintiff attaches to the Complaint as Exhibit H thereto does not in any way reference the existence of any EPA lien. Defendant lacks sufficient knowledge or information to form a belief as to whether Exhibit H is a true and correct copy of an alleged June Preliminary Report as said document did not come from Defendant, as Defendant believes and is informed that such document is an alteration and/or forgery of a valid instrument dated May 7, 2008 that was altered and/or forged by persons and/or entities other than Defendant, and on that basis Defendant therefore denies the rest of the allegations of Paragraph 30 of the Complaint.

### 31.

Defendant denies the allegations set forth in Paragraph 31 of the Complaint as the instrument attached to the Complaint as Exhibit "I" is a marked upon document and may not reflect the document as actually received by Defendant.

### 32.

Defendant admits the allegations set forth in Paragraph 32 of the Complaint.

7

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**33.**

Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

**34.**

Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

**35.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies the same.

**36.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies the same.

**37.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies the same.

**38.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**39.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies the same.

**40.**

Defendant admits the allegations set forth in Paragraph 40 of the Complaint.

**41.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies the same.

**42.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies the same.

**43.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies the same.

**44.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**45.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies the same.

**46.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies the same.

**47.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies the same.

**48.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies the same.

**49.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies the same.

**50.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint,

10

and therefore denies the same.

**51.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies the same.

**52.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies the same.

**53.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies the same.

**54.**

Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

**55.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies the same.

**56.**

Defendant admits the allegations set forth in Paragraph 56 of the

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

Complaint.

**57.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies the same.

**58.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint, and therefore denies the same.

**59.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint, and therefore denies the same.

**60.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies the same.

**61.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## 62.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint, and therefore denies the same.

## 63.

Defendant admits the allegations set forth in Paragraph 63 of the Complaint.

## 64.

Defendant admits the allegations set forth in Paragraph 64 of the Complaint.

## 65.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and therefore denies the same.

## 66.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66 of the First Amended Complaint, and therefore denies the same.

## 67.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**68.**

Defendant incorporates its responses to Paragraphs 1-67 in response to Paragraph 68.

**69.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies the same.

**70.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies the same.

**71.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, and therefore denies the same

**72.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint, and therefore denies the same.

**73.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**74.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint, and therefore denies the same.

**75.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and therefore denies the same.

**76.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and therefore denies the same.

**77.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and therefore denies the same.

**78.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and therefore denies the same.

**79.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint,

15

and therefore denies the same.

**80.**

Defendant incorporates its responses to Paragraphs 1-79 in response to Paragraph 80.

**81.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies the same.

**82.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and therefore denies the same.

**83.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, and therefore denies the same.

**84.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint, and therefore denies the same.

**85.**

Defendant incorporates its responses to Paragraphs 1-84 in response to

16

Paragraph 85.

**86.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint, and therefore denies the same.

**87.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and therefore denies the same.

**88.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, and therefore denies the same.

**89.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint, and therefore denies the same.

**90.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**91.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint, and therefore denies the same.

**92.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint, and therefore denies the same.

**93.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint, and therefore denies the same.

**94.**

Defendant incorporates its responses to Paragraphs 1-93 in response to Paragraph 94.

**95.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint, and therefore denies the same.

**96.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint, and therefore denies the same.

18

## 97.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint, and therefore denies the same.

## 98.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint, and therefore denies the same.

## 99.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint, and therefore denies the same.

## 100.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint, and therefore denies the same.

## 101.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint, and therefore denies the same.

## 102.

Defendant incorporates its responses to Paragraphs 1-101 in response to Paragraph 102.

**103.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint, and therefore denies the same.

**104.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint, and therefore denies the same.

**105.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and therefore denies the same.

**106.**

Defendant incorporates its responses to Paragraphs 1-105 in response to Paragraph 106.

**107.**

Defendant denies the allegations set forth in Paragraph 107 of the Complaint in that Defendant owed no duties to Plaintiff , including pursuant to Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**108.**

Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

**109.**

Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

**110.**

Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

**111.**

Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

**112.**

Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

**113.**

Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

**114.**

Defendant incorporates its responses to Paragraphs 1-113 in response to Paragraph 114.

**115.**

Defendant denies the allegations set forth in Paragraph 115 of the Complaint, reasserting its responses to Paragraph 107 of the Complaint and further denying that Defendant owed duties to Plaintiff, including

21

pursuant to Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

### 116.

Defendant admits the allegations set forth in Paragraph 116 of the Complaint.

### 117.

Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

### 118.

Defendant denies the allegations set forth in Paragraph 118 of the Complaint.

### 119.

Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

### 120.

Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

### 121.

Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**122.**

Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

**123.**

Defendant incorporates its responses to Paragraphs 1-122 in response to Paragraph 123.

**124.**

Defendant denies the allegations set forth in Paragraph 124 of the Complaint as they pertain to this Defendant. Defendant adds that it did not forward any alleged June Preliminary Report to anyone, let alone to U.S. Bank. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint as to such other Defendants, and therefore denies the same.

**125.**

Defendant denies the allegations set forth in Paragraph 125 of the Complaint as they pertain to this Defendant. Defendant adds that it did not forward any alleged Phase I ESA to anyone, let alone to U.S. Bank. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint as to such other Defendants, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**126.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint, and therefore denies the same.

**127.**

Defendant denies the allegations set forth in Paragraph 127 of the Complaint as they pertain to this Defendant. Defendant adds that it did not forward any alleged June Preliminary Report, Phase I ESA, copy of cashier's check, bank statements from Wachovia Bank, or bank statements from Bank of America to anyone, let alone to U.S. Bank. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint as to such other Defendants, and therefore denies the same.

**128.**

Defendant denies the allegations set forth in Paragraph 128 of the Complaint as they pertain to this Defendant. Defendant adds that it did not forward any alleged June Preliminary Report, Phase I ESA, copy of cashier's check, bank statements from Wachovia Bank, or bank statements from Bank of America to anyone, let alone to U.S. Bank. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint as to such other Defendants, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**129.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Complaint, and therefore denies the same.

**130.**

Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

**131.**

Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

**132.**

Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

**133.**

Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

**134.**

Defendant incorporates its responses to Paragraphs 1-133 in response to Paragraph 134.

**135.**

Defendant denies the allegations set forth in Paragraph 135 of the Complaint as they pertain to this Defendant.   Additionally, Defendant

25

denies that it submitted any purported June Preliminary Report to anyone. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint as to such other Defendants, and therefore denies the same.

### 136.

Defendant denies the allegations set forth in Paragraph 136 of the Complaint as they pertain to this Defendant. Additionally, Defendant denies that it submitted any purported June Preliminary Report to anyone. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint as to such other Defendants, and therefore denies the same.

### 137.

Defendant denies the allegations set forth in Paragraph 137 of the Complaint as they pertain to this Defendant. Additionally, Defendant denies that it submitted any purported June Preliminary Report to anyone. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint as to such other Defendants, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**138.**

Defendant denies the allegations set forth in Paragraph 138 of the Complaint as they pertain to this Defendant. Additionally, Defendant denies that it submitted any purported June Preliminary Report to anyone. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Complaint as to such other Defendants, and therefore denies the same.

**139.**

Defendant denies the allegations set forth in Paragraph 139 of the Complaint as they pertain to this Defendant. Additionally, Defendant denies that it submitted any purported June Preliminary Report to anyone. As to Defendants referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint as to such other Defendants, and therefore denies the same.

**140.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint, and therefore denies the same.

**141.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint,

27

and therefore denies the same.

### 142.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Complaint, and therefore denies the same.

### 143.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint, and therefore denies the same.

### 144.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint, and therefore denies the same.

### 145.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Complaint, and therefore denies the same.

### 146.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint, and therefore denies the same.

**147.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint, and therefore denies the same.

**148.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint, and therefore denies the same.

**149.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint, and therefore denies the same.

**150.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint, and therefore denies the same.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to Exercise Ordinary Care)

1.     Any injury or damages to Plaintiff herein were proximately caused by the negligence of the Plaintiff in that said Plaintiff failed to exercise ordinary care under the circumstances.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## SECOND AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

2.      At all times herein mentioned Plaintiff knew the risks involved in said Plaintiff's actions and conduct, and with full knowledge of such risk and appreciating the dangers thereof, nevertheless voluntarily assumed risk; that by reason of these actions Plaintiff is barred from recovery herein.

## THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence)

3.      The injuries and/or damages alleged by Plaintiff, if any, were proximately caused by the negligence and liability of Plaintiff, or other parties, and this Defendant requests that an allocation of such negligence and liability be made among Plaintiff and other such parties and that if any liability if found on the part of  Plaintiff or other parties, that judgment against this answering Defendant be only in the amount which is proportionate to the extent and percentage by which Defendant's acts or omissions contributed to Plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4.      That Plaintiff is barred from recovery herein by reason of laches, in that there has been an unreasonable delay in filing this Complaint which has prejudiced this responding Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.      The Complaint and every cause of action therein are barred by the Doctrine of Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

6.     That Plaintiff is barred from recovery herein, as the Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Civil Code Section 1431.1, et. al.)

7.     That under and pursuant to the terms of *Civil Code*, Sections 1431.1 through 1431.5, Plaintiff is barred and precluded from recovery against this answering Defendant for any non-economic damages, except those allocated to this responding Defendant in direct proportion to the percentage of fault of this responding Defendant, if any such fault or damages there be.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Fraud)

8.     Defendant affirmatively alleges that it did not make representations as to past or existing material facts.  If such an alleged representation is found to have been made, and found false, this answering Defendant had no knowledge of such, nor was the representation made recklessly, without knowing whether the alleged representations were true or false, nor for the purpose of enticing Plaintiff to rely on such representation, nor to act or refrain from acting in reliance thereon.  Any representation alleged to have been false was merely this answering Defendant expressing an opinion.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Plaintiff is barred from recovery, or said recovery, if any, are proportionately reduced, as Plaintiff failed to mitigate damages.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10.    The Plaintiff is barred from recovery as the Complaint does not state facts sufficient to constitute a cause of action in that the Plaintiff is barred by the statute of limitations, to wit, by the provisions of the Code of Civil Procedure §§ 335.1, 337, 338, 339, 340, 343, 583.410, and 583.420 in that Plaintiff has failed to diligently prosecute said action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Active/Passive Conduct)

11.    The Plaintiff's conduct, as alleged in the principal action, and as described in the Complaint, was such that any and all liability based thereon was active and primary in nature, so as to preclude and recovery sought in the Complaint. The tortious conduct of Plaintiff and/or others was active and primary as compared to the conduct of this answering Defendant, whose conduct, if any, was passive and secondary. Defendant denies any conduct that was a substantial factor resulting in any injury or damage to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State a claim for which Relief can be Granted)

12.    That the Complaint and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

13.    That the injuries and damages of which the Plaintiff complains were proximately caused by or contributed to by the acts of other defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of

32

which the Complaint complains, thus barring Plaintiff from any recovery against this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

14.    The Plaintiff lacks standing to prosecute the Complaint as it is not a real party in interest.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15.    Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Standard of Care)

16.    Defendant at all times acted within the standard of care in its relationship with Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Business Judgment)

17.    Defendant alleges that any and all conduct as to which Plaintiff complains was an exercise of business judgment and/or management discretion for fair and legitimate business and management reasons under the conditions then existing.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Fault of Plaintiff and of Others)

18.    Any and all events and happenings in connection with the allegations contained in the Complaint were proximately caused and contributed to by the negligence and other legal fault of said Plaintiff, and were further proximately caused and contributed to by the negligence and other legal fault of persons and entities other than this answering Defendant, and that if Plaintiff recover any sum whatsoever herein, such amount must

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

be reduced in proportion to the extent that Plaintiff's own negligence and other legal fault caused or contributed to said harm and that if there is a verdict in favor of said Plaintiff against this answering Defendant, said verdict should be in proportion to these answering Defendant's pro-rata responsibility, and to the extent that it is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative fault basis.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Proposition 51)

19.    The Complaint, and each cause of action therein, is barred and/or reduced by reason of the limitation on joint and several liability established by Proposition 51, an initiative passed by the People of the State of California on June 3, 1986.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Superseding Criminal Act/Fraud)

20.    That the injuries and damages of which the Plaintiff complains were proximately caused by or contributed to by criminal and/or fraudulent acts of other defendants, persons and/or other entities other than this answering Defendant and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the Complaint complains, thus barring Plaintiff from any recovery against this answering Defendant who did not engage in any such criminal or fraudulent acts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Duty Owed: Fidelity National Title Ins. Co. v. Miller)

21.    Defendant owed no duties to Plaintiff, pursuant to Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175; 264 Cal.Rptr. 17.

34

## COUNTERCLAIM OF DEFENDANT NATIONS TITLE COMPANY OF CALIFORNIA AGAINST DEFENDANTS-IN-INTERVENTION HOVSEP DERBOGHOSSIAN, REGENCY ESTATE PROPERTIES, INC. AND WHEN/IF STAY IS LIFTED AS TO DEFENDANT-IN-INTERVENTION REMY MAZMANIAN, AND DOES 1 through 100, Inclusive

1.      This Court has jurisdiction of this counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence alleged in the Plaintiff's Complaint.

### FIRST CAUSE OF ACTION

### (Contribution)

2.      Defendant NATIONS TITLE COMPANY OF CALIFORNIA repleads and incorporates by this reference all of its responses set out in Paragraphs 1 through 150 of this Answer as if fully set forth herein.

3.   Defendant NATIONS TITLE COMPANY OF CALIFORNIA is informed and believes, and based upon such information and belief alleges, that the occurrence referred to in Plaintiff's Complaint was proximately caused by the negligence and/or otherwise tortious misconduct of Defendants-In-Intervention named above (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

4.      If, upon trial of this matter, Defendant NATIONS TITLE COMPANY OF CALIFORNIA is held legally liable to Plaintiff for the damages alleged in the Complaint, Plaintiff will have been damaged as a proximate result of the acts and omissions of the above-entitled Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this

party may be removed by the Court), as hereinbefore alleged, and in an amount equal to the total sum which the trier of fact awards the Plaintiff together with any award of costs, attorneys' fees and interest.

5.     Defendant NATIONS TITLE COMPANY OF CALIFORNIA further contends that if it is held liable to Plaintiff for damages under the Complaint, it is entitled to contribution for the payment of any judgment in favor of Plaintiff and against it, or any settlement in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and created by the Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court), and to be held harmless for any and all claims by Plaintiff, and reimbursement of any monies paid in satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment, for all attorneys' fees in defending said action, interest and the costs of investigation of said occurrence and that NATIONS TITLE COMPANY OF CALIFORNIA should have a carryover judgment against Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

6.     By reason of the foregoing, NATIONS TITLE COMPANY OF CALIFORNIA contends that if it is held liable to Plaintiff for the damages set forth in the Complaint, they are entitled to contribution and/or indemnification on the basis that should be required to share liability with Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) *pro rata*, on the basis of the relative fault that each bears to the total damages award suffered, or received, if any, by Plaintiff, in the form of any judgment, settlement or compromise.

36

NATIONS TITLE COMPANY OF CALIFORNIA further contends that it is entitled to be reimbursed for attorneys' fees in defending said action, interest and for the costs of investigation of the facts of said accident, and that NATIONS TITLE COMPANY OF CALIFORNIA should have a *pro rata* carryover judgment against Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

## SECOND CAUSE OF ACTION

### (Equitable Indemnification)

7.     NATIONS TITLE COMPANY OF CALIFORNIA repleads and incorporates by this reference all of its responses set out in paragraphs 1 through 150 of this Answer as if fully set forth herein and Paragraphs 1 through 6 of this Counter-Claim as if fully set forth herein.

8.     An actual controversy has arisen and now exists between NATIONS TITLE COMPANY OF CALIFORNIA and the Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) concerning their respective rights and duties in that NATIONS TITLE COMPANY OF CALIFORNIA maintains that it is entitled to indemnification and/or contribution on a *pro rata* basis of the relative fault of Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) should Plaintiff recover by a way of judgment, settlement or compromise of this action.

9.     NATIONS TITLE COMPANY OF CALIFORNIA further contends that the trier of fact in the instant action should declare, as part of the judgment herein, the percentage or ratio of contributing culpability, fault, responsibility and/or negligence between NATIONS TITLE COMPANY OF

CALIFORNIA and Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) so the actual contributing culpability, fault, and negligence of each party can be determined and set forth in special interrogatories, jury verdict, and judgment.

10.    NATIONS TITLE COMPANY OF CALIFORNIA and Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) have no other existing speedy, accurate, or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

11.    NATIONS TITLE COMPANY OF CALIFORNIA repleads and incorporates by this reference all of their responses set out in paragraphs 1 through 150 of this Answer as if fully set forth herein and Paragraphs 1 through 10 of this Counter-Claim as if fully set forth herein.

12.    NATIONS TITLE COMPANY OF CALIFORNIA has been informed and believes, and based upon such information and belief alleges, that an actual dispute and controversy exists concerning the respective rights, duties and obligations of each Defendant-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) and Plaintiff that may be owing to the Plaintiff, if any is found to exist at the trial of the underlying matter.  Therefore, NATIONS TITLE COMPANY OF CALIFORNIA desires a declaration of the rights, duties and obligations of each of these referenced parties.

## **JURY DEMAND**

DEFENDANT NATIONS TITLE COMPANY OF CALIFORNIA hereby demands a trial by jury for all causes so triable.   WHEREFORE, DEFENDANT NATIONS TITLE COMPANY OF CALIFORNIA prays for judgment as follows:

1   that Plaintiff take nothing by reason of its Complaint;

2   that   Defendant   NATIONS   TITLE   COMPANY   OF CALIFORNIA be dismissed with its costs of suit;

3   that this Court accordingly enter judgment in favor of NATIONS TITLE COMPANY OF CALIFORNIA;

4   that in the event Plaintiff shall have judgment or verdict, for a determination that NATIONS TITLE COMPANY OF CALIFORNIA has a carryover judgment against any Defendant-In-Intervention herein, for indemnity and/or contribution for their portion of the judgment representing their actual ratio or percentage of fault and/or responsibility for the incident and damages giving rise to this litigation;

5   that NATIONS TITLE COMPANY OF CALIFORNIA have a judgment against Defendants-In-Intervention for a declaration of rights, privileges, duties and obligations as between the parties, and each of them;

6   that NATIONS TITLE COMPANY OF CALIFORNIA have a judgment against Plaintiff and the Defendants-In-Intervention for all sums that may be adjudged in the original action and in favor of Plaintiff;

7   for an order of this Court that NATIONS TITLE COMPANY OF CALIFORNIA is entitled to be fully indemnified by Plaintiff and Defendants-In-Intervention for any and all settlements or compromises entered into by NATIONS TITLE COMPANY OF CALIFORNIA if any, and for attorneys' fees, expenses and interest;

8   for costs of suit incurred herein; and

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

9   for such other, further and different relief as the Court may deem just and proper.

DATED:  April 30, 2010

ERICKSEN ARBUTHNOT

By:

MARK L. KIEFER, ESQ.
Attorneys for Defendant-In-Intervention
NATIONS TITLE COMPANY OF
CALIFORNIA

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 835 Wilshire Blvd., Suite 500, Los Angeles, California 90017.

On May 7, 2010, I served the foregoing document described as **Answer and Affirmative Defenses of Defendant-In-Intervention Nations Title Company of California to Plaintiff's Complaint in Intervention; Counter-Claim; Request for Jury Trial** on the interested parties in this action:

  X   by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

  X   **BY MAIL.** I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

  ___   **BY PERSONAL SERVICE.** I caused such envelopes to be delivered by hand to the offices of the addressee.

  ___   **BY FACSIMILE.** I caused such documents to be sent to the address above via the facsimile number indicated.

  ___   **BY CM/ECF** I caused to be electronically filed a true and correct copy of the above-entitled documents with the Clerk of the Court using Case Management Filing (CM/ECF), which will send notification that such filing is available for viewing and downloading to all counsel on record electronically as required by the Court on this matter.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Executed on May 7, 2010 at Los Angeles, California.

  X   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*MICHELE GILLMAN*

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## PROOF OF SERVICE LIST
### USA v. 718 West Wilson, et al.; Case No.  CV 09-06487 JHN VBKx

**Genail M Anderson**
Pite Duncan LLP
4375 Jutland Drive
Suite 200                                    representing
San Diego, CA 92177-0935
858-750-7600
619-590-1385 (fax)
ganderson@piteduncan.com

**U.S. Bank, National Associations**
*(Intervenor Plaintiff)*

**Davis H Forsythe**
United States Department of Justice
PO Box 7611
Washington, DC 20044-7611                    representing
202-616-6528
davis.forsythe@usdoj.gov

**United States of America**
*(Plaintiff)*

**Laurel Inman Handley**
Pite Duncan LLP
4375 Jutland Drive Suite 200
PO Box 17935                                 representing
San Diego, CA 92177-0935
858-750-7600
619-590-1385 (fax)
lhandley@piteduncan.com

**U.S. Bank, National Associations**
*(Intervenor Plaintiff)*

**Mark L Kiefer**
Ericksen Arbuthnot
835 Wilshire Boulevard
Suite 500                                    representing
Los Angeles, CA 90017-2603
213-489-4411
213-489-4332 (fax)
mkiefer@ericksenarbuthnot.com

**Nations Title Company of California**
*(Intervenor Defendant)*

**Peter Joseph Salmon**
Pite Duncan LLP
4375 Jutland Drive Suite 200
P O Box 17935                                representing
San Diego, CA 92177-0935
858-750-7600
619-590-1385 (fax)
psalmon@piteduncan.com

**U.S. Bank, National Associations**
*(Intervenor Plaintiff)*

42

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

1

**Jilbert Tahmazian**
Jilbert Tahmazian Law Offices

2

1518 West Glenoaks Boulevard
Glendale, CA 91201     representing

**718 West Wilson Avenue
Glendale, California 91203**
*(Defendant)*

3

818-242-8201

4

818-242-8246 (fax)
jilbert@jilbertlaw.com

5

6

**Hovsep Boghossian**
*(Defendant)*

7

8

**Hovsep Derboghossian**
*(Intervenor Defendant)*

9

10

**Leon W Weidman**
AUSA - Office of US Attorney

11

Civil Division

12

300 North Los Angeles Street Suite
7516     representing

**United States of America**
*(Plaintiff)*

13

Los Angeles, CA 90012

14

213-894-2408
213 894 7819 (fax)

15

USACAC.Civil@usdoj.gov

16

17

**William A Weinischke**
US Department of Justice

18

Environment & Natural Resources
Division

19

P O Box 7611
Washington, DC 20044     representing

**United States of America**
*(Plaintiff)*

20

202-514-4592

21

202-514-2383 (fax)
bill.weinischke@usdoj.gov

22

23

24

25

26

27

28

43

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM