Eric M. Schiffer (SBN 179695)
Leslie F. Vandale (SBN 238823)
SCHIFFER & BUUS, APC
4675 MacArthur Court, Suite 590
Newport Beach, California 92660
Telephone:    (949)825-6140
Facsimile:      (949)825-6141
Email:            eschiffer@schifferbuus.com

Attorneys for Defendant-In-Intervention
TRANSUNION TITLE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CV 09-06487 JHN VBKx |
| Plaintiffs, | Assigned Judge: Hon. Jacqueline H. Nguyen |
| vs. | Complaint Filed: 9/30/09 |
| 718 WEST WILSON AVENUE, GLENDALE, CALIFORNIA 91203; LOT 17 of TRACT NO. 4531, IN THE COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP RECORDED AT BOOK 52, PAGE 18 OF PARCEL MAPS, OFFICE OF THE COUNTY RECORDER; AND HOVSEP BOGHOSSIAN, | Complaint In Intervention Filed: 1/28/10 Trial: None Set ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-IN-INTERVENTION TRANSUNION TITLE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER CLAIM; REQUEST FOR JURY TRIAL |
| Defendants. | |
| U.S. BANK, NATIONAL ASSN, | |
| Plaintiffs In Intervention, | |
| vs. | |
| HOVSEP DERBOGHOSSIAN (aka HOVSEP BOGHOSSIAN), an individual, REMY MAZMANIAN, an individual, NATIONS TITLE COMPANY OF CALIFORNIA, REGENCY ESTATE PROPERTIES, INC., a California Corporation, TRANSUNION TITLE INSURANCE COMPANY and DOES 1 through 100, Inclusive, | |
| Defendants In Intervention | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant-In Intervention TRANSUNION TITLE INSURANCE COMPANY ("DEFENDANT") and hereby files and serves its Answer and Affirmative Defenses in response to Plaintiff's Complaint-In-Intervention ("COMPLAINT") and states as follows:

## ANSWER

### 1.

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 1 of the Complaint, and on that basis, denies each and every allegation continued therein.

### 2.

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis, denies each and every allegation continued therein.

### 3.

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 3 of the complaint, and on that basis, denies each and every allegation continued therein.

### 4.

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis, denies each and every allegation continued therein.

### 5.

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**6.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis, denies each and every allegation continued therein.

**7.**

Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

**8.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes, including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 8 of the Complaint.

**9.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis, denies each and every allegation continued therein.

**10.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis, denies each and every allegation continued therein.

**11.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis, denies each and every allegation continued therein.

**12.**

Defendant incorporates its responses to Paragraph 1-11 in response to Paragraph 12.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**13.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 13 of the Complaint, and on that basis, denies each and every allegation continued therein.

**14.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 14 of the Complaint, and on that basis, denies each and every allegation continued therein.

**15.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis, denies each and every allegation continued therein.

**16.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis, denies each and every allegation continued therein.

**17.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis, denies each and every allegation continued therein.

**18.**

Defendant admits that an instrument entitled "Notice of Lien Under Comprehensive Environmental Response, Compensation & Liability Act of 1980, as Amended" was recorded on March 7, 2008 in the official records of Los Angeles County as instrument number 20080401128.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**19.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 19 of the Complaint, and on that basis, denies each and every allegation continued therein.

**20.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 20 of the Complaint, and on that basis, denies each and every allegation continued therein.

**21.**

Defendant admits that a document entitled "U.S. Small Business Administration Note" dated June 25, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**22.**

Defendant admits that an instrument entitled "Trust Deed, Security Agreement and Assignment of Rents and Leases" was recorded on June 27, 2008 in the official records of Los Angeles County as instrument number 20081147427.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**23.**

Defendant admits that an instrument entitled "Trust Deed, Security Agreement and Assignment of Rents and Leases" was recorded on June 27, 2008 in the official records of Los Angeles County as instrument number 20081147427.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**24.**

Defendant admits that an instrument entitled "Trust Deed, Security Agreement and Assignment of Rents and Leases" was recorded on June 27, 2008 in the official records of Los

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

Angeles County as instrument number 20081147427.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**25.**

Defendant admits that a document entitled "Preliminary Report" dated May 7, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**26.**

Defendant admits the allegations set forth in Paragraph 26 of the Complaint.

**27.**

Defendant admits that a document entitled "Environmental Questionnaire and Disclosure Statement" dated May 29, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**28.**

Defendant admits that a document entitled "Environmental Questionnaire and Disclosure Statement" dated May 29, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**29.**

Defendant admits that a document entitled "Preliminary Report" dated June 16, 2008 appears to be attached to the Complaint.  Defendant further believes and is informed that this document is an alteration and/or forgery that was altered and/or forged by persons and/or entities other than Defendant.  Defendant lacks sufficient knowledge or information as to the truth of the

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

remaining allegations set forth in paragraph 29 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**30.**

Defendant admits that a document entitled "Preliminary Report" dated June 16, 2008 appears to be attached to the Complaint. Defendant further believes and is informed that this document is an alteration and/or forgery that was altered and/or forged by persons and/or entities other than Defendant. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**31.**

Defendant admits that a document entitled "Lender's Instructions to Title and Escrow" dated June 17, 2008 appears to be attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**32.**

Defendant admits that a document entitled "Lender's Instructions to Title and Escrow" dated June 17, 2008 appears to be attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**33.**

Defendant admits that a document entitled "Lender's Instructions to Title and Escrow" dated June 17, 2008 appears to be attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**34.**

Defendant admits that a document entitled "Lender's Instructions to Title and Escrow" dated June 17, 2008 appears to be attached to the Complaint. Defendant lacks sufficient

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

knowledge or information as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**35.**

Defendant admits that a document entitled "Phase I Environmental Site Assessment" dated June 20, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**36.**

Defendant admits that a document entitled "Phase I Environmental Site Assessment" dated June 20, 2008 appears to be attached to the Complaint.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**37.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 37 of the Complaint, and on that basis, denies each and every allegation continued therein.

**38.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 38 of the Complaint, and on that basis, denies each and every allegation continued therein.

**39.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 39 of the Complaint, and on that basis, denies each and every allegation continued therein.

**40.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 40 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**41.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 41 of the Complaint, and on that basis, denies each and every allegation continued therein.

**42.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 42 of the Complaint, and on that basis, denies each and every allegation continued therein.

**43.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 43 of the Complaint, and on that basis, denies each and every allegation continued therein.

**44.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 44 of the Complaint, and on that basis, denies each and every allegation continued therein.

**45.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 45 of the Complaint, and on that basis, denies each and every allegation continued therein.

**46.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 46 of the Complaint, and on that basis, denies each and every allegation continued therein.

**47.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 47 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**48.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 48 of the Complaint, and on that basis, denies each and every allegation continued therein.

**49.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 49 of the Complaint, and on that basis, denies each and every allegation continued therein.

**50.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 50 of the Complaint, and on that basis, denies each and every allegation continued therein.

**51.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 51 of the Complaint, and on that basis, denies each and every allegation continued therein.

**52.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 52 of the Complaint, and on that basis, denies each and every allegation continued therein.

**53.**

Defendant admits that it issued a document entitled "Loan Policy of Title Insurance," policy number 501-121-007214 to U.S. BANK, N.A. as insured, dated June 27, 2008.  The document attached to the Complaint appears to be a true and correct copy of this policy, including endorsements, schedules, attachments, and exclusions.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 53 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**54.**

Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

**55.**

Defendant admits that a letter on behalf of U.S. BANK was sent from Labowe, Labowe & Hoffman, LLP to NATIONS TITLE on or about January 29, 2009. The document attached to the Complaint appears to be a true and correct copy of this letter, without enclosures. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**56.**

Defendant admits that a letter on behalf of TRANSUNION TITLE INSURANCE COMPANY was sent from Shulman Bunn LLP to Labowe, Labowe & Hoffman, LLP on or about June 8, 2009 denying the Title Claim for reasons set forth therein. The document attached to the Complaint appears to be a true and correct copy of this letter. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 56 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**57.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 57 of the Complaint, and on that basis, denies each and every allegation continued therein.

**58.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 58 of the Complaint, and on that basis, denies each and every allegation continued therein.

**59.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 59 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**60.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 60 of the Complaint, and on that basis, denies each and every allegation continued therein.

**61.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 61 of the Complaint, and on that basis, denies each and every allegation continued therein.

**62.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 62 of the Complaint, and on that basis, denies each and every allegation continued therein.

**63.**

Defendant admits that an instrument entitled "Subordination, Attornment and Non-Disturbance Agreement (No Subtenant)" was recorded on June 27, 2008 in the official records of Los Angeles County as instrument number 20081147430.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 63 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**64.**

Defendant admits that an instrument entitled "Subordination, Attornment and Non-Disturbance Agreement (No Subtenant)" was recorded on June 27, 2008 in the official records of Los Angeles County as instrument number 20081147430.  Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 64 of the Complaint, and on that basis, denies each and every remaining allegation continued therein.

**65.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 65 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**66.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 66 of the Complaint, and on that basis, denies each and every allegation continued therein.

**67.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 67 of the Complaint, and on that basis, denies each and every allegation continued therein.

**68.**

Defendant incorporates its responses to Paragraph 1-67 in response to Paragraph 68.

**69.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 69 of the Complaint, and on that basis, denies each and every allegation continued therein.

**70.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 70 of the Complaint, and on that basis, denies each and every allegation continued therein.

**71.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 71 of the Complaint, and on that basis, denies each and every allegation continued therein.

**72.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 72 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**73.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 73 of the Complaint, and on that basis, denies each and every allegation continued therein.

**74.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 74 of the Complaint, and on that basis, denies each and every allegation continued therein.

**75.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 75 of the Complaint, and on that basis, denies each and every allegation continued therein.

**76.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 76 of the Complaint, and on that basis, denies each and every allegation continued therein.

**77.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 77 of the Complaint, and on that basis, denies each and every allegation continued therein.

**78.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 78 of the Complaint, and on that basis, denies each and every allegation continued therein.

**79.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 79 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**80.**

Defendant incorporates its responses to Paragraphs 1-79 in response to Paragraph 80.

**81.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 81 of the Complaint, and on that basis, denies each and every allegation continued therein.

**82.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 82 of the Complaint, and on that basis, denies each and every allegation continued therein.

**83.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 83 of the Complaint, and on that basis, denies each and every allegation continued therein.

**84.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 84 of the Complaint, and on that basis, denies each and every allegation continued therein.

**85.**

Defendant incorporates its responses to Paragraphs 1-84 in response to Paragraph 85.

**86.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 86 of the Complaint, and on that basis, denies each and every allegation continued therein.

**87.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 87 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**88.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 88 of the Complaint, and on that basis, denies each and every allegation continued therein.

**89.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 89 of the Complaint, and on that basis, denies each and every allegation continued therein.

**90.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 90 of the Complaint, and on that basis, denies each and every allegation continued therein.

**91.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 91 of the Complaint, and on that basis, denies each and every allegation continued therein.

**92.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 92 of the Complaint, and on that basis, denies each and every allegation continued therein.

**93.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 93 of the Complaint, and on that basis, denies each and every allegation continued therein.

**94.**

Defendant incorporates its responses to Paragraphs 1-93 in response to Paragraph 94.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**95.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 95 of the Complaint, and on that basis, denies each and every allegation continued therein.

**96.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 96 of the Complaint, and on that basis, denies each and every allegation continued therein.

**97.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 97 of the Complaint, and on that basis, denies each and every allegation continued therein.

**98.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 98 of the Complaint, and on that basis, denies each and every allegation continued therein.

**99.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 99 of the Complaint, and on that basis, denies each and every allegation continued therein.

**100.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 100 of the Complaint, and on that basis, denies each and every allegation continued therein.

**101.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 101 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**102.**

Defendant incorporates its responses to Paragraph 1-101 in response to Paragraph 102.

**103.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 103 of the Complaint, and on that basis, denies each and every allegation continued therein.

**104.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 104 of the Complaint, and on that basis, denies each and every allegation continued therein.

**105.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 105 of the Complaint, and on that basis, denies each and every allegation continued therein.

**106.**

Defendant incorporates its responses to Paragraphs 1-105 in response to Paragraph 106.

**107.**

Defendant denies the allegations set forth in Paragraph 107.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**108.**

Defendant denies the allegations set forth in Paragraph 108.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**109.**

Defendant denies the allegations set forth in Paragraph 107.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**110.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes, including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 110 of the Complaint.

**111.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes, including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 111 of the Complaint.

**112.**

Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

**113.**

Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

**114.**

Defendant incorporates its responses to Paragraphs 1-113 in response to Paragraph 114.

**115.**

Defendant denies the allegations set forth in Paragraph 115.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171

Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**116.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 116 of the Complaint, and on that basis, denies each and every allegation continued therein.

**117.**

Defendant denies the allegations set forth in Paragraph 117.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**118.**

Defendant denies the allegations set forth in Paragraph 117.  California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

**119.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes, including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 119 of the Complaint.

**120.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes, including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 120 of the Complaint.

**121.**

Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

**122.**

Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

**123.**

Defendant incorporates its responses to Paragraphs 1-122 in response to Paragraph 123.

**124.**

Defendant denies the allegations set forth in Paragraph 124 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint as to such other parties, and therefore denies the same.

**125.**

Defendant denies the allegations set forth in Paragraph 125 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint as to such other parties, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**126.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 126 of the Complaint, and on that basis, denies each and every allegation continued therein.

**127.**

Defendant denies the allegations set forth in Paragraph 127 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report, Phase I ESA, copy of cashier's check, bank statements from Wachovia Bank, or bank statements from Bank of America.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint as to such other parties, and therefore denies the same.

**128.**

Defendant denies the allegations set forth in Paragraph 128 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report, Phase I ESA, copy of cashier's check, bank statements from Wachovia Bank, or bank statements from Bank of America.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint as to such other parties, and therefore denies the same.

**129.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 129 of the Complaint, and on that basis, denies each and every allegation continued therein.

**130.**

Defendant admits that pursuant to an agreement between the parties, NATIONS TITLE COMPANY was only designated as an authorized agent of Defendant for very limited purposes,

including the use of authorized underwriter products, and was not an agent for all purposes. Defendant denies the remainder of the allegations set forth in Paragraph 130 of the Complaint.

**131.**

Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

**132.**

Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

**133.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 133 of the Complaint, and on that basis, denies each and every allegation continued therein.

**134.**

Defendant incorporates its responses to Paragraph 1-133 in response to Paragraph 134.

**135.**

Defendant denies the allegations set forth in Paragraph 135 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint as to such other parties, and therefore denies the same.

**136.**

Defendant denies the allegations set forth in Paragraph 136 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint as to such other parties, and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**137.**

Defendant denies the allegations set forth in Paragraph 137 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint as to such other parties, and therefore denies the same.

**138.**

Defendant denies the allegations set forth in Paragraph 138 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Complaint as to such other parties, and therefore denies the same.

**139.**

Defendant denies the allegations set forth in Paragraph 139 of the Complaint as they pertain to Defendant, and further denies that Defendant had any knowledge of or authorized the alleged June Preliminary Report.  As to any parties referred to in this Paragraph other than this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint as to such other parties, and therefore denies the same.

**140.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 140 of the Complaint, and on that basis, denies each and every allegation continued therein.

**141.**

Defendant incorporates its responses to Paragraph 1-140 in response to Paragraph 141.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**142.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 142 of the Complaint, and on that basis, denies each and every allegation continued therein.

**143.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 143 of the Complaint, and on that basis, denies each and every allegation continued therein.

**144.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 144 of the Complaint, and on that basis, denies each and every allegation continued therein.

**145.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 145 of the Complaint, and on that basis, denies each and every allegation continued therein.

**146.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 146 of the Complaint, and on that basis, denies each and every allegation continued therein.

**147.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 147 of the Complaint, and on that basis, denies each and every allegation continued therein.

**148.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 148 of the Complaint, and on that basis, denies each and every allegation continued therein.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**149.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 149 of the Complaint, and on that basis, denies each and every allegation continued therein.

**150.**

Defendant lacks sufficient knowledge or information as to the truth of the allegations set forth in paragraph 150 of the Complaint, and on that basis, denies each and every allegation continued therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.   That the Complaint and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

2.   Plaintiff should be barred from recovery to the extent that Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, and with knowledge of the danger to which it was exposing itself, freely and voluntarily placed itself in a position of danger and exposure to, and assumed the risk of, the injuries of which they now complain.

### THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

3.   The injuries and/or damages alleged by Plaintiff, if any, were proximately caused by the negligence and liability of Plaintiff, or other parties such that if any liability if found on the part of Plaintiff or other parties, that judgment against this answering Defendant be only in the amount which is proportionate to the extent and percentage by which Defendant's acts or omissions contributed to Plaintiff's damages.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.   Plaintiff is barred from recovery herein by virtue of its own acts and/or the acts or omissions of others chargeable to it, which has unjustifiably delayed in commencing this action, to the prejudice of this responding Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel/Equitable Estoppel)

5.   Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, is estopped and/or should be equitably estopped, from obtaining relief sought from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

6.   Any injury or damages to Plaintiff herein was proximately caused by the negligence of the Plaintiff in that Plaintiff failed to exercise ordinary care under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

### (Civil Code Section 1431.1, et. al.)

7.   Plaintiff is barred and precluded from recovery against this answering Defendant for any non-economic damages, except those allocated to this responding Defendant in direct proportion to the percentage of fault of this responding Defendant, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Fraud)

8.   Defendant affirmatively alleges that it did not make representations as to past or existing material facts.  If such an alleged representation is found to have been made, and found false, this answering Defendant had no knowledge of such, nor was the representation made recklessly, without knowing whether the alleged representations were true or false, nor for the purpose of enticing Plaintiff to rely on such representation, nor to act or refrain from acting in reliance thereon.  Any representation alleged to have been false was merely this answering Defendant expressing an opinion.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.   Plaintiff is barred from recovery by its failure to mitigate damages, or that any recovery must be reduced by those damages that Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, failed to mitigate.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10. The Plaintiff is barred from recovery as the complaint does not state facts sufficient to constitute a cause of action in that the Plaintiff is barred by the statute of limitations, to wit, by the provisions of the Code of Civil Procedure §§335.1, 337, 338, 339, 340, 343, 583.410, and 583.420 in that Plaintiff has failed to diligently prosecute said action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Injuries and Damages Claimed Attributable to Third Parties)

11. Any injuries suffered by Plaintiff was proximately caused and contributed to by the conduct, acts, omissions and wrongdoing of a third party and/or parties, either named or unnamed, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereof.

## TWELFTH AFFIRMATIVE DEFENSE

### (Injuries and Damages Claimed Attributable to Unknown Parties)

12. Any injured suffered by Plaintiff was proximately caused and contributed to by the conduct, acts, omissions and wrongdoing of a party and/or parties unknown to Defendant at this time, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

13. That the injuries and damages of which the plaintiff complains were proximately caused by or contributed to by the acts of other defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

the Complaint complains, thus barring Plaintiff from any recovery against this answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFNSE

### (Lack of Standing)

14. The Plaintiff lacks standing to prosecute the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15. The complaint should be barred due to the unclean hands of Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Standard of Care)

16. Defendant at all times acted within the standard of care in its relationship with Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith by Defendant)

17. Defendant alleges that, at all times, it acted in good faith in its dealings, direct or indirect, with Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Multiple Causation)

18.   If Defendant is subjected to any liability to Plaintiff herein it will be due in whole and/or in part to the conduct, acts, omissions and/or activities of third parties, other than Defendant, who legally caused and/or contributed to the events leading up to the incidents which form the bases for the allegations contained in the complaint and therefore, defendant is entitled to a judicial determination of the percentage of fault of each party who is a legal cause of the injuries and damages, if any, sustained by Plaintiff.

### NINETEENTH AFFIRAMTIVE DEFENSE

### (Ratification)

19. Plaintiff's claims against this Defendant are barred since Plaintiff ratified the alleged

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

acts of Defendant.

## TWENTIETH AFFIRAMTIVE DEFENSE

### (Waiver)

20. Plaintiff's claims against this Defendant are barred by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding Criminal Act/Fraud)

21. That the injuries and damages of which the Plaintiff complains were proximately caused by or contributed to by criminal and/or fraudulent acts of other defendants, persons and/or other entities other than this answering Defendant and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the complaint complains, thus barring Plaintiff from any recovery against this answering Defendant who did not engage in any such criminal or fraudulent acts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Duty Owed)

22. Defendant owed no duties to Plaintiff, pursuant to the following: California Insurance Code Section 12340.11;  Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal.App.4th 263 (2009); Herbert A. Crocker & Co. v. Transamerica Title Ins. Co., 27 Cal.App. 4th 1722 (1994); Southland Title Corp. v. Superior Court, 231 Cal.App.3d 530 (1991); Rosen v. Nations Title Ins. Co., 56 Cal.App.4th 1489 (1997); Fidelity National Title Ins. Co. v. Miller (1989) 215 Cal. App. 3d 1163, 1175.

## TWENTY-THIRD AFFIRAMTIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

23. Defendant alleges that because the complaint herein is couched in conclusory terms, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to it within this action.  Accordingly,

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## COUNTERCLAIM OF DEFENDANT TRANSUNION TITLE INSURANCE COMPANY AGAINST DEFENDANTS-IN-INTERVENTION HOVSEP DERBOGHOSSIAN, REGENCY ESTATE PROPERTIES, INC. AND WHEN/IF STAY IS LIFTED AS TO DEFENDANT-IN-INTERVENTION REMY MAZMANIAN, AND DOES 1 through 100,Inclusive

1.   This Court has jurisdiction of this counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence alleged in the Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
### (Contribution)

2.   Defendant TRANSUNION TITLE INSURANCE COMPANY ("TRANSUNION") incorporates by reference all of its responses set out in Paragraphs 1 through 150 of this Answer as if fully set forth herein.

3.   Defendant TRANSUNION is informed and believes, and based upon such information and belief alleges, that the occurrence referred to in Plaintiff's Complaint was proximately caused by the negligence and/or otherwise tortuous misconduct of Defendants-In-intervention named above (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

4.   If, upon trial of this matter, Defendant TRANSUNION is held legally liable to Plaintiff for the damages alleged in the Complaint, Plaintiff will have been damaged as a proximate result of the acts and omissions of the above-entitled Defendants-In Intervention (to include defendant-in-intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court), in an amount equal to the total sum which the trier of fact awards the plaintiff together with any award of costs, attorneys' fees and interest.

5.   Defendant TRANSUNION further contends that if it is held liable to Plaintiff for damages under the Complaint, it is entitled to contribution for the payment of any judgment in favor of Plaintiff and against it, or any settlement in anticipation of a judgment, in proportion to

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

the actual culpability, fault, responsibility and negligence caused and created by the Defendants-in-intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future times as the stay Order in effect as to this party may be removed by the court), and to be held harmless for any and all claims by Plaintiff, and reimbursement of any monies paid in satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment, for all attorneys' fees in defending said action, interest and the cost of investigation of said occurrence and that TRANSUNION should have a carryover judgment against Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

6.   By reason of the foregoing, TRANSUNION contends that if it is held liable to Plaintiff for the damages set forth in the Complaint, it is entitled to contribution and/or indemnification on the basis that should be required to share liability with Defendants-In-intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) on the basis of the relative fault that each bears to the total damages award suffered, or received, if any, by Plaintiff, in the form of any judgment, settlement or compromise. TRANSUNION further contends that it is entitled to be reimbursed for attorneys' fees in defending said action, interest and for the costs of investigation of the facts of said accident, and that TRANSUNION should have a pro rata carryover judgment against Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court).

**SECOND CAUSE OF ACTION**

**(Equitable Indemnification)**

7.   TRANSUNION incorporates by reference all of its responses set out in paragraph 1 through 150 of this Answer as if fully set forth herein and Paragraph 1 through 6 of this Counter-Claim as if fully set forth herein.

8.   An actual controversy has arisen and now exists between TRANSUNION and the Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as tot his party may be removed by the Court)

32

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

Concerning their respective rights and duties in that TRANSUNION maintains that it is entitled to indemnification and/or contribution on a pro rata basis o the relative fault of Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) should Plaintiff recover by a way of judgment, settlement or compromise of this action.

9.   TRANSUNION further contends that the trier of fact in the instant action should declare, as part of the judgment herein, the percentage or ratio of contributing culpability, fault, responsibility and/or negligence between TRANSUNION and Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) so the actual contributing culpability, fault, and negligence of each party can be determined and set forth in special interrogatories, jury verdict, and judgment.

10. TRANSUNION and Defendants-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) have no other existing speedy, accurate, or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief)**

11. TRANSUNION incorporates by reference all of its responses set out in paragraphs 1 through 150 of this Answer as if fully set forth herein and paragraphs 1 through 10 of this Counter-Claim as if fully set forth herein.

12.   TRANSUNION has been informed and believes, and based upon such information and belief alleges, that an actual dispute and controversy exists concerning the respective rights, duties and obligations of each Defendant-In-Intervention (to include Defendant-In-Intervention REMY MAZMANIAN at such future time as the Stay Order in effect as to this party may be removed by the Court) and Plaintiff that may be owing to the Plaintiff, if any is found to exist at the trial of the underlying matter.  Therefore, TRANSUNION desires a declaration of the rights, duties and obligations of each of these referenced parties.

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM

**JURY DEMAND**

DEFENDANT TRANSUNION hereby demands a trial by jury for all causes so triable.

WHEREFORE, DEFENDANT TRANSUNION prays for judgment as follows:

1.   that Plaintiff take nothing by reason of its Complaint;

2.   that Defendant TRANSUNION be dismissed with its costs of suit;

3.   that this Court accordingly enter judgment in favor of TRANSUNION;

4.   that in the event Plaintiff shall have judgment or verdict, for a determination that TRANSUNION has a carryover judgment against any Defendant-In-Intervention herein, for indemnity and/or contribution for their portion of the judgment representing their actual ratio or percentage of fault and/or responsibility for the incident and damages giving rise to this litigation;

5.   that TRANSUNION have a judgment against Defendants-In-Intervention for a declaration of rights, privileges, duties and obligations as between the parties, and each of them;

6.   that TRANSUNION have a judgment against Plaintiff and the Defendants-In-Intervention for all sums that may be adjudged in the original action and in favor of Plaintiff;

7.   for an order of this Court that TRANSUNION is entitled to be fully indemnified by Plaintiff and Defendants-In-Intervention for any and all settlements or compromises entered into by TRANSUNION if any, and for attorneys' fees, expenses and interest;

8.   for costs of suit incurred herein; and

9.   for such other, further and different relief as the Court may deem just and proper.


DATED:  June 3, 2010                          SCHIFFER & BUUS, APC


                                              By:__/s/ *Eric M. Schiffer*_____
                                                  Eric Schiffer
                                                  Leslie Vandale
                                              Attorneys for Defendant-In-Intervention
                                              TRANSUNION TITLE INSURANCE COMPANY

ANSWER TO PLAINTIFF'S COMPLAINT-IN-INTERVENTION; COUNTER-CLAIM