UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>718 West Wilson Avenue, Glendale, California, 91203, Lot 17 of Tract No. 4531, in the county of Los Angeles, California, as per map record at Book 52, page 18 of Parcel Maps. Office of the County Recorder, and Hovsep Boghossian,<br><br>　　　　Defendants. | Case No. 2:09-cv-06487-JHN-VBKx<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Honorable Jacqueline H. Nguyen |

The matter is before the Court on Plaintiff United States of America's ("United States") Motion for Partial Summary Judgment as to CERCLA[1] Liability ("Motion"; docket no. 53), filed on September 22, 2010. The Court has considered the briefs and supporting materials filed in this matter as well as oral arguments on November 29, 2010. At the hearing, the parties were in possession

---

[1] The Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, promotes hazardous waste cleanup and ensures that costs of such cleanup are borne by responsible parties. *Burlington N. & Santa Fe Ry. Co. v. United States*, 129 S. Ct. 1870, 1874 (2009).

of the Court's written tentative ruling. For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART the United States' Motion.

## I. FACTUAL BACKGROUND

The following material facts are provided for background purposes, are supported adequately by admissible evidence, and are uncontroverted. They are "admitted to exist without controversy" for the purposes of this Motion. *See* Local Rule 56-3.

Defendants are the subject property ("Property"), 718 West Wilson Avenue, Glendale, California, 91203, and its current owner, Hovsep Boghossian ("Boghossian"). (Plaintiff's Statement of Uncontroverted Facts ("SUF"), Defendant's Statement of Genuine Issues of Material Fact ("SGIF") ¶¶ 1–4.) The Property is located within the San Fernando Valley Area 2 Superfund Site. (SUF, SGIF ¶ 5.) In the past, the Drilube Company operated on the property, using numerous chemicals in an aerospace-related operation. (SUF, SGIF ¶¶ 6–7.) Soil on the Property and groundwater beneath the Property are now contaminated with chemicals including trichloroethylene ("TCE"), perchloroethylene ("PCE"), and chromium. (SUF, SGIF ¶¶ 8–9.)

The U.S. Environmental Protection Agency ("EPA") began conducting response activities at the Property in March 2007, and in April 2010 EPA completed a removal action involving contaminated soil. (SUF, SGIF ¶¶ 10–11.) EPA also will likely conduct future removal or treatment actions on the Property. (SUF, SGIF ¶ 12.) EPA's response costs as of May 31, 2010, are largely unreimbursed. (SUF, SGIF ¶ 18.)

Boghossian purchased the Property on June 25, 2008. (SGIF ¶ 4.) The prior owner was Remy Mazmanian, who owned the Property from April 19, 2004, until Boghossian's purchase. (SUF, SGIF ¶ 13.) During the time that Mazmanian owned the Property, EPA obtained a lien on the Property pursuant to CERCLA

section 107(*l*), 42 U.S.C. § 9607(*l*), recording notice of the lien in the Los Angeles County Recorder's Office on March 7, 2008. (SUF, SGIF ¶¶ 15–16.)

The following additional material facts were submitted by Boghossian, and the United States submitted no statement indicating these facts are in dispute. Boghossian has not handled any hazardous substances on the Property or conducted any activities leading to their spread. (Additional Genuine Issues of Material Fact ("AGIF") ¶ 2.) Boghossian has cooperated with EPA's removal actions and has not contributed to contamination or foreseeable acts or omissions by third parties regarding contamination. (*Id.* at ¶¶ 3, 5.)

## II. PROCEDURAL HISTORY

The United States originally filed suit against Defendants on September 3, 2009. On January 28, 2010, the Court granted a motion to intervene brought by U.S. Bank, National Association ("U.S. Bank"), allowing U.S. Bank to intervene as Plaintiff in Intervention against Defendants in Intervention Hovsep Derboghossian, Remy Mazmanian, Nations Title Company of California, Regency Estate Properties, Inc., and Transunion Title Insurance Company. After litigation related to the intervenors irrelevant to the present Motion, on August 24, 2010, the Court issued an order granting the Unites States' Motion to Trifurcate, trifurcating the case into separate phases for the determination of liability, the determination of costs to be paid by liable parties, and the determination of remaining issues brought by U.S. Bank.  Thereafter, the United States filed the instant Motion for Summary Judgment as to CERCLA Liability on September 22, 2010 (docket no. 53), with supporting Memorandum (docket no. 54). After an initial failure to file an Opposition and the Court's Order to Show Cause re Sanctions, issued October 18, 2010, Defendant Boghossian filed an Opposition on November 8, 2010 (docket no. 60). On the same day, a Notice of Non-Opposition was filed as to the Property's in rem CERCLA liability (docket no. 59). The United States filed a Reply on November 12, 2010 (docket no. 64).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party against whom relief is sought to move for summary judgment on all or part of the claim. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id*. at 56(c)(2). The moving party bears the burden of showing that the motion is properly made and supported. *Id*. at 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c))*; see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial."). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Where the opposing party is able to identify specific, relevant facts evidencing a genuine issue of material fact, the court must draw all inferences in favor of the opposing party and accordingly deny summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the lack of any genuine issue of material fact will necessitate a grant of summary judgment.

### IV. DISCUSSION

The United States seeks summary judgment as to both Boghossian and the Property. As to the Property, the United States seeks the imposition of in rem liability. (Mem. 3.) As to Boghossian, the United States seeks an order holding him liable for all costs the United States has already incurred under CERCLA and

a declaratory judgment that he is liable for all related costs incurred in the future. (*Id.* at 2–3.)

**A.  In Rem Liability of the Property**

CERCLA section 107 allows an action in rem related to a property on which the United States holds a lien: "The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred." 42 U.S.C. § 9607(*l*)(4).

Defendant Property filed a "Qualified Statement of Non-Opposition" to the United States' Motion, noting that the Property "has no basis to controvert the U.S.' facts in support of its motion for partial summary judgment with respect to in rem liability as to the Property." (Statement 1.) Accordingly, the Court GRANTS the United States' Motion as to in rem liability of the Property.

**B.  Boghossian's Liability**

Under CERCLA section 107, the United States may bring an action to recover the costs of removal or remedial actions it has undertaken that are "not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A).

> To establish a prima facie case to recover its response costs under CERCLA § 107, the government has to prove: (1) the site is a "facility"; (2) a "release" or "threatened release" of a hazardous substance occurred; (3) the government incurred costs in responding to the release or threatened release; and (4) the defendant is the liable party.

*United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998) (footnote omitted). CERCLA creates four categories of potentially liable parties, including "the owner and operator of a vessel or facility." 42 U.S.C. § 9607(a)(1). Once a party's liability is established, CERCLA imposes strict liability. *Burlington N. & Santa Fe Rw. Co.*, 129 S. Ct. at 1878. This liability is joint and several unless the defendant can establish that the harm it caused is divisible. *Carson Harbor Vill., LTD v. Unocal Corp*, 270 F.3d 863, 871 (9th Cir. 2001).

5

Boghossian does not dispute that he is liable under CERCLA. Instead, he argues that genuine issues of material fact exist regarding the applicability of defenses to liability under CERCLA. (Opp'n 2.)

CERCLA section 107 provides for defenses to liability under limited circumstances: the release or threatened release of hazardous substances must have been caused solely by an act of God or war or by an act or omission by a third party. 42 U.S.C. § 9607(b). The third-party defense has additional requirements. *Id.* at (b)(3). However, under Ninth Circuit precedent, "[a] landowner that buys property with the knowledge that the property is contaminated with hazardous waste cannot establish any of the § 107(b) defenses to § 107(a) liability. That knowledge prevents the landowner from being an innocent owner, which is statutorily restricted to those who 'did not know and had no reason to know.'" *W. Props. Serv. Corp. v. Shell Oil Co.*, 358 F.3d 678, 688 (9th Cir. 2004) (footnote omitted) (quoting 42 U.S.C. § 9601(35)(A)(I)), *abrogation on other grounds recognized by Kotrous v. Goss-Jewett Co. of N. Cal.*, 523 F.3d 924, 931, 932 & n.8 (9th Cir. 2008).

Boghossian indicates in his Opposition and Additional Genuine Issues of Material Fact that he has not been responsible for the contamination at the Property and has cooperated with the EPA actions. (Opp'n 2; AGIF ¶¶ 2, 3, 5.) However, he does not present any evidence indicating that he did not know, at the time that he purchased the Property, that it was contaminated with hazardous waste. Indeed, the record establishes that he had such knowledge. In a letter Boghossian sent to the EPA on April 9, 2009 (SUF Ex. 10), in response to an EPA request for information, he wrote the following:

> 2. This property was purchased on June 27, 2008 for $1,725,000 from Remy Mazmanian. Certain issues were disclosed, accordingly title company withheld funds to cure said issues.
> . . . .
> 6. I did not know or understand the specifics of the contamination. I was just made aware of the contamination and that cleanup efforts were to be started using funds withheld by title.

(SUF Ex. 10.) Taken together, these two statements establish that Boghossian was aware of the contamination at the time of his purchase. Moreover, Boghossian had constructive notice of the contamination because of the United States' recorded lien on the Property. Therefore, the defenses to liability are not available to him. The Court thus finds Boghossian liable as an "owner and operator" of the Property.

The United States' Memorandum argues that Defendant is jointly and severally liable under section 107(a). (Mem. 11.) In the Memorandum's introductory section, the United States states that it "seeks an order from the Court holding Boghossian liable for *all* costs incurred by the United States under CERCLA relating to the Site" and "a declaratory judgment that Boghossian is liable for *all* future costs incurred by the United States." (Mem. 2 (emphasis added).)

"Once liability is established, the defendant may avoid joint and several liability by establishing that it caused only a divisible portion of the harm." *Carson Harbor Vill., LTD*, 270 F.3d at 871. Boghossian argues that apportionment is appropriate in this case, following the reasoning of the recent Supreme Court opinion in *Burlington Northern and Santa Fe Railway Co.*, 129 S. Ct. 1870. The Supreme Court in that case observed that "apportionment is proper when 'there is a reasonable basis for determining the contribution of each cause to a single harm.'" *Id.* at 1881. It approved of the district court's apportionment, which was based on (1) the proportion of the subject parcel's area to the total CERCLA site's area; (2) the proportion of the time the railroads leased land to the facility's operator to the total time the facility was in operation; and (3) the proportion of the volume of hazardous-substance-releasing activities occurring on the subject parcel to the total volume. *Id.* at 1882.

Boghossian argues that triable issues exist regarding apportionment. He points to evidence that the Property is only a portion of the full San Fernando

1. Valley Area 2 Superfund Site. (Dec. of Andrew Taylor, SUF Ex. 6 ¶ 5.) He also
2. identifies evidence that Boghossian owned the property for only a limited time,
3. while the operations leading to contamination occurred over a period from 1959
4. to 2004. (*Id.* at ¶ 6.) Additionally, he notes that the evidence will allow a
5. comparison of the contaminants at the Property with those at the Site as a whole.
6. (Dec. of Robert Fitzgerald, SUF Ex. 5 ¶¶ 11–14, 15.)
7.     At oral argument, the United States acknowledges that it is seeking
8. recovery for the costs incurred at the *entire* site, not just the Property at issue, and
9. that apportionment can be determined at a later time. Accordingly, the Court
10. declines to grant summary judgment as to the nature of Boghossian's liability and
11. for the time being finds that Boghossian is liable as a matter of law but reserves
12. deciding whether Boghossian is liable for "all" costs incurred by the United
13. States—that is, whether he is jointly and severably liable.

## V.  CONCLUSION

15.     Based on the foregoing, the Court GRANTS IN PART and DENIES IN
16. PART the United States' Motion for Partial Summary Judgment (docket no. 53.)
17. The Court finds the Property liable in rem pursuant to CERCLA section 107(*l*),
18. 42 U.S.C. § 9607(*l*), for response costs not inconsistent with the national
19. contingency plan. The Court finds Boghossian liable pursuant to CERCLA
20. section 107(a), 42 U.S.C. § 9607(a), for response costs not inconsistent with the
21. //
22. //
23. //
24. national contingency plan, both costs already incurred and future costs. The Court
25. declines to find Boghossian jointly and severably liable at the present time.
26. IT IS SO ORDERED.
27.
28. Dated: November 30, 2010

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT