# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge __Nguyen__

From: __T Durant_____, Deputy Clerk   Date Received: __1-11-11__

Case No. __CV 09-6487 JHN (VBKx)__   Case Title: __USA v. 718 West Wilson Ave, etc__

Document Entitled: __Answer to Counter-claim / & Cross-Claim__

---

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1   Document not legible
☐ Local Rule 11-3.8   Lacking name, address, phone and facsimile numbers
☒ Local Rule 11-4.1   No copy provided for judge  __& for conforming__
☐ Local Rule 19-1    Complaint/Petition includes more than ten (10) Does or fictitiously-named parties
☐ Local Rule 15-1    Proposed amended pleading not under separate cover
☐ Local Rule 11-6    Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8    Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1   No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1    Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1   Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2   Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1  Notice to other parties of ex parte application lacking
☐ Local Rule 16-6   Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)   No proof of service attached to document(s)
☒ Other: __Top Caption DOES NOT match identically to Initial Complaint Caption.__

FILED
CLERK US DISTRICT COURT
JAN 13 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                          U.S. District Judge / U.S. Magistrate Judge

☒ The document is NOT to be filed, but instead REJECTED, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have not been filed with the Court.

__1/12/11_____    _____
Date                          U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

---

CV-104A (12/03)           NOTICE OF DOCUMENT DISCREPANCIES

GPO  U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

JILBERT TAHMAZIAN, ESQ. SBN 143574
**LAW OFFICES OF JILBERT TAHMAZIAN**
1518 W GLENOAKS BLVD
GLENDALE, CA 91201
Tel: (818) 242-8201   Fax: (818) 242-8246

Attorneys for Defendant:
HOVSEP DERBOGHOSSIAN

RECEIVED BUT NOT FILED
JAN 11 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
JAN 18 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA.<br><br>Plaintiff,<br><br>v.<br><br>718 West Willson Ave., Glendale, California, 91203 and Hovsep Boghossian)<br><br>Defendants | Case No. CV 09-06487 JHN (VBKx)<br><br>**ANSWER OF CROSS-DEFENDANT TO COUNTER-CLAIM BY NATIONS TITLE COMPANY OF CALIFORNIA AND CROSS-CLAIM AGAINST NATIONS TITLE COMPANY OF CALIFORNIA** |
| U.S. BANK,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>HOVSEP DERBOGHOSSIAN, et al.,<br><br>Defendants in Intervention | |

**ANSWER TO CROSS-CLAIM**

Defendant in Intervention, Hovsep Boghossian ("Answering Defendant"), individually and for himself alone, hereby answers the Complaint in Intervention as follows:

### FIRST CAUSE OF ACTION

1. Answering paragraph 1 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations

contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained therein.

2. Answering paragraph 2 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies the allegations contained therein.

3. Answering paragraph 3 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies the allegations contained therein.

4. Answering paragraph 4 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies the allegations contained therein.

5. Answering paragraph 5 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies the allegations contained therein.

6. Answering paragraph 6 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations contained therein.

## SECOND CAUSE OF ACTION

7. Answering paragraph 7 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations contained therein.

8. Answering paragraph 8 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations

contained in paragraph 8 of the Complaint, and on that basis denies the allegations contained therein.

9. Answering paragraph 9 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained therein.

10. Answering paragraph 10 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies the allegations contained therein.

## THIRD CAUSE OF ACTION

11. Answering paragraph 11 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies the allegations contained therein.

## PRAYER

13. Answering paragraph 1 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained therein.

14. Answering paragraph 2 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies the allegations contained therein.

15. Answering paragraph 3 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies the allegations contained therein.

16. Answering paragraph 4 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies the allegations contained therein.

17. Answering paragraph 5 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies the allegations contained therein.

18. Answering paragraph 6 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations contained therein.

19. Answering paragraph 7 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations contained therein.

20. Answering paragraph 8 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies the allegations contained therein.

21. Answering paragraph 9 of the Prayer of the Complaint in Intervention, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant in Intervention asserts the following Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff in Intervention has unreasonably failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE
(Mutual Mistake)

This Answering Defendant is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

### FOURTH AFFIRMATIVE DEFENSE
(Offset)

This Answering Defendant alleges that he have suffered damage by reason of Plaintiff's conduct; that he has the right of offset if any amount of money is owed to Plaintiff or due Plaintiff by way of damage.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

This Answering Defendant is informed and believes and on such information and belief alleges, that Plaintiff was engaged in conduct that constitutes a waiver of their rights under the contract alleged in the Complaint. By reason of said waiver, Defendant is excused from further performance of the obligations under the alleged contract.

### SIXTH AFFIRMATIVE DEFENSE
(Release)

This Answering Defendant alleges that Plaintiff's actions constituted a full release and waiver by Plaintiff of any and all claims which Plaintiff may have against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

This Answering Defendant alleges that the Plaintiff herein and each and every purported Cause of Action in the Complaint are barred because Plaintiff has engaged in acts and courses of conduct which rendered it in pari delicto.

EIGHTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

This Answering Defendant allege that the Complaint herein, and each and every Cause of Action contained in the Complaint, are barred by reason of acts, omissions, representations and courses of conduct by Plaintiff by which Plaintiff was led to rely to their detriment, thereby barring, under the doctrine of equitable estoppel, any Causes of Action asserted by the Plaintiff.

NINTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

This Answering Defendant is informed and believes and thereon alleges that the damages referred to in the Complaint by Plaintiff was proximately caused by the Plaintiff and/or others affiliated in any manner with Plaintiff in that at all times relevant herein, Plaintiff, failed to exercise for their own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if This Answering Defendant committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Plaintiff and/or entities or persons associated in any manner with the Plaintiff contributed to the happenings of Plaintiff's alleged damages.

TENTH AFFIRMATIVE DEFENSE

(Apportionment)

This Answering Defendant is informed and believes and thereon alleges that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or Plaintiff. Accordingly, the liability of the Defendant and responsible parties, named or unnamed, should be

apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of This Answering Defendant should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

This Answering Defendant is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff by way of its Complaint, said claims or obligations are unenforceable because Plaintiff assumed the risk involved in the transaction.

### TWELVE AFFIRMATIVE DEFENSE

(Insufficient Investigation)

Defendant has not completed its investigation and discovery regarding the allegations and Claims asserted by Plaintiff. Accordingly, Defendant reserves the right to assert such Additional affirmative defenses as necessary based on such ongoing investigation and discovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Reliance)

Plaintiff had no justifiable reliance on Defendant's representations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant is informed and believes, and thereon alleges, that any conduct on the part of Defendant, or representations made by Defendant, were made or done in good faith.

\\

### FIFTEENTH AFFIRMATIVE DEFENSE

(Unjustifiable Enrichment)

Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fraud)

Defendants alleges that he committed no fraud against Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Falsity)

Defendant alleges that he had no knowledge of falsity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Intent)

Defendant alleges that there was no intent to induce reliance of the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

(Conspiracy)

Defendant alleges that there was no conspiracy.

## COUNTERCLAIM OF DEFENDANTS-IN-INTERVENTION HOVSEP DERBOGHOSSIAN AS AGAINST NATIONS TITLE COMPANY OF CALIFORNIA AND DOES 1 through 100, Inclusive

1. This Court has jurisdiction of this counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence alleged in the Plaintiff's Complaint

### FIRST CAUSE OF ACTION

(Contribution)

2. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN repleads and incorporates by this reference all of its responses set out in Paragraphs 1 through 21 of this Answer as if fully set forth herein.

3. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN is informed and believes, and based upon such information and belief alleges, that the occurrence referred to in Plaintiff's Complaint was proximately caused by the negligence and/or otherwise tortious misconduct of Defendant NATIONS TITLE COMPANY OF CALFIORNIA .

4. If, upon trial of this matter, Defendant-in-Intervention HOVSEP DERBOGHOSSIAN is held legally liable to any party for the damages alleged in the Complaint, Plaintiff and Plaintiff in Intervention will have been damaged as a proximate result of the acts and omissions of the above-entitled Defendants NATIONAL TITLE COMPANY OF CALIFORNIA as hereinbefore alleged, and in an amount equal to the total sum which the trier of fact awards the Plaintiff together with any award of costs, attorneys' fees and interest.

5. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN further contends that if it is held liable to Plaintiff or Plaintiff in Intervention for damages under the Complaint, it is entitled to contribution for the payment of any judgment in favor of Plaintiff or Plaintiff in Intervention and against it, or any settlement in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and created by the Defendant NATIONS TITLE COMPANY OF CALIFORNIA and to be held harmless for any and all claims by Plaintiff and Plaintiff in Intervention, and reimbursement of any monies paid in satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment, for all attorneys' fees in defending said action, interest and the costs of investigation of said occurrence and that Defendant-in-Intervention HOVSEP DERBOGHOSSIAN hould have a carryover judgment against NATIONS TITLE COMPANY OF CALIFORNA.

6. By reason of the foregoing, Defendant-in-Intervention HOVSEP DERBOGHOSSIAN contends that if it is held liable to Plaintiff, Plaintiff in Intervention or any cross-claimant for the damages set forth in the Complaint, they are entitled to contribution and/or indemnification on the basis that should be required to share liability with Defendant NATIONS TITLE COMPANY OF CALIFORNIA pro rata, on the basis of the relative fault that each bears to the total damages award suffered, or received, if any, by Plaintiff, in the form of any judgment, settlement or compromise. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN further contends that it is entitled to be reimbursed for attorneys' fees in defending said

action, interest and for the costs of investigation of the facts of said accident, and that Defendant-in-Intervention HOVSEP DERBOGHOSSIAN should have a pro rata carryover judgment against Defendant NATIONS TITLE COMPANY OF CALIFORNIA

## SECOND CAUSE OF ACTION

### (Equitable Indemnification)

7. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN repleads and incorporates by this reference all of its responses set out in Paragraphs 1 through 21 of this Answer as if fully set forth herein and paragraphs 1- 6 herein.

8. An actual controversy has arisen and now exists between NATIONS TITLE COMPANY OF CALIFORNIA and the Defendants-In Intervention HOVSEP DERBOGHOSSIAN concerning their respective rights and duties in that HOVSEP DERBOGHOSSIAN maintains that it is entitled to indemnification and/or contribution on a pro rata basis of the relative fault of Defendant NATIONS TITLE COMPANY OF CALIFORNIA should Plaintiff or Plaintiff in Intervention recover by a way of judgment, settlement or compromise of this action.

9. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN further contends that the trier of fact in the instant action should declare, as part of the judgment herein, the percentage or ratio of contributing culpability, fault, responsibility and/or negligence between NATIONS TITLE COMPANY OF CALIFORNIA and Defendant-in-Intervention HOVSEP DERBOGHOSSIAN so the actual contributing culpability, fault, and negligence of each party can be determined and set forth in special interrogatories, jury verdict, and judgment.

10. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN further contends that Defendant NATIONS TITLE COMPANY OF CALIFORNIA should share and contribute to any judgment in its proportionate share and pay any sum ordered against Defendant-in-Intervention HOVSEP DERBOGHOSSIAN.

11. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN has no other existing speedy, accurate, or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

12. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN repleads and incorporates by this reference all of its responses set out in Paragraphs 1 through 21 of this Answer as if fully set forth herein and paragraphs 1- 12 herein.

13. Defendant-in-Intervention HOVSEP DERBOGHOSSIAN has been informed and believes, and based upon such information and belief alleges, that an actual dispute and controversy exists concerning the respective rights, duties and obligations of Defendant NATIONS TITLE COMPANY OF CALIFORNIA and Plaintiff AND Plaintiff in Intervention that may be owing to the Plaintiff and Plaintiff in Intervention, if any is found to exist at the trial of the underlying matter. Therefore, Defendant-in-Intervention HOVSEP DERBOGHOSSIAN desires a declaration of the rights, duties and obligations of each of these referenced parties.

WHEREFORE, Defendant prays for judgment and relief as follows:

1. That the Plaintiff take nothing by reason of its Complaint;

2. That the Complaint be dismissed with prejudice;

3. that in the event Plaintiff or Plaintiff in Intervention shall have judgment or verdict, for a determination that Defendant-in-Intervention HOVSEP DERBOGHOSSIAN has a carryover judgment against any Defendant NATIONS TITLE COMPANY OF CALIFORNIA, for indemnity and/or contribution for their portion of the judgment representing their actual ratio or percentage of fault and/or responsibility for the incident and damages giving rise to this litigation;

4. that Defendant-in-Intervention HOVSEP DERBOGHOSSIAN have a judgment against Defendant NATIONS TITLE COMPANY OF CALIFORNIA for a declaration of rights, privileges, duties and obligations as between the parties, and each of them;

5. that Defendant-in-Intervention HOVSEP DERBOGHOSSIAN have a judgment against Plaintiff, Plaintiff in Intervention and the Defendant NATIONS TITLE COMPANY OF CALIFORNIA for all sums that may be adjudged in the original action and in favor of Plaintiff;

6. For costs of suit; and

7. For other and further relief which the Court may deem just and proper.

### Defendant's Demand for Jury Trial

Defendant asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Dated: December 23, 2010

LAW OFFICES OF JILBERT TAHMAZIAN

/s/ Jilbert Tahmazian
Jilbert Tahmazian
Attorney for Defendant
HOVSEP BOGHOSSIAN

# PROOF OF SERVICE
## C.C.P. § 1013(a)

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1518 West Glenoaks Boulevard, Glendale, California 91201.

On the date set forth below, I served the foregoing document described as: **Answer of Defendant In Intervention to Counterclaim by Plaintiff by Plaintiff In Intervention** on the interested parties in this action by the method of service indicated below, and addressed as follows:

Mark L. Kiefer, Esq.
Ericksen Arbuthnot
835 Wilshire Boulevard, Suite 500,
Los Angeles, CA 90017

___ **BY PERSONAL SERVICE.** By personally delivering such envelope by hand to the offices of the addressee noted on the attached master mailing list and/or as listed above.

**X** **BY MAIL.** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postal meter date is more than one day after the date of deposit for mailing an affidavit.

___ **BY FACSIMILE.** By transmitting a copy of above listed document by a "FAX" machine to the FAX number noted on the attached master mailing list and/or as listed above.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct. Executed on ~~December 23, 2010~~ January 3, 2010 AB in the City of Glendale, State of California.

/s/ Alec Baghdassarian
Alec Baghdassarian