MARK L. KIEFER, ESQ., Bar #116633
ERICKSEN ARBUTHNOT
835 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2603
(213) 489-4411 / (213) 489-4332 Fax
E-mail: mkiefer@ericksenarbuthnot.com

Attorneys for Defendant-In-Intervention NATIONS TITLE COMPANY OF CALIFORNIA, a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

718 WEST WILSON AVENUE, GLENDALE, CALIFORNIA 91203; LOT 17 of TRACT NO. 4531, IN THE COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP RECORDED AT BOOK 52, PAGE 18 OF PARCEL MAPS, OFFICE OF THE COUNTY RECORDER; AND HOVSEP BOGHOSSIAN,

Defendants.

---

U.S. BANK, NATIONAL ASSN,

---

CASE NO: CV 09-06487 JHN VBKx

Assigned Judge: Hon. Jacqueline H. Nguyen

Complaint Filed: 9/30/09
Complaint In Intervention Filed: 1/28/10

Trial: June 7, 2011

**DEFENDANT NATIONS TITLE COMPANY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

**[Filed concurrently with Memorandum of Points and Authorities; Separate Statement of Undisputed Material Facts; Separate Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Mark L. Kiefer, Esq., Declaration of Kathleen E. Wilcox, Esq., Declaration of Michael H. Wellen, Esq., Declaration of Daniel Bruno; [Proposed] Order]**

**Date: March 7, 2011**
**Time: 2:00 p.m.**
**Location: Courtroom 790**

Plaintiff In Intervention,

vs.

HOVSEP DERBOGHOSSIAN (aka HOVSEP BOGHOSSIAN), an individual, REMY MAZMANIAN, an individual, NATIONS TITLE COMPANY OF CALIFORNIA, REGENCY ESTATE PROPERTIES, INC., a California Corporation, TRANSUNION TITLE INSURANCE COMPANY and DOES 1 through 100, Inclusive,

Defendants In Intervention

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 7, 2011, at 2:00 p.m., or as soon thereafter as the matter can be heard in Department 790 of the United States District Court Central District, Western Division, located at 255 East temple Street, Los Angeles, California, before the Honorable Jacqueline Nguyen, United States District Judge, Defendant-In-Intervention NATIONS TITLE COMPANY OF CALIFORNIA ("NATIONS") will move this Court, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, for an Order granting partial summary judgment in favor NATIONS and against Plaintiff-In-Intervention United States Bank, National Association ("US Bank") on the grounds that there is no triable issue as to any material fact as to the Eighth Cause of Action for Fraud and the Ninth Cause of Action for Conspiracy to Commit Fraud as contained in the Complaint-In-Intervention filed by United States Bank, National Association ("US Bank").

This Motion is made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* on the grounds that the causes of action asserted by US Bank in the Complaint-In-Intervention against NATIONS fail to state a claim upon which relief can be granted.

This motion is brought on the grounds that:

1. U.S. Bank's Eighth Cause of action for Fraud fails on the grounds that no triable issues of material facts exist as US Bank cannot establish intent to defraud.
2. U.S. Bank's Ninth Cause of action for Conspiracy to Defraud fails on the grounds that no triable issues of material facts exist as US Bank cannot establish any agreement to defraud.

This Motion is brought following NATIONS meet and confer discussions with counsel, both by letter, telephone, and in person, pursuant to Local Rule 7-3. See Declaration of Mark L. Kiefer, Esq., at paragraphs and Michael H. Wellen, Esq., at paragraphs 3 and 4.

The Motion will be based on this Notice, the Points and Authorities attached hereto, The Separate Statement of Uncontroverted Material Facts, the complete files and records in this action, the declarations of Mark L. Kiefer, Esq., Michael H. Wellen, Esq., and Daniel Bruno, and any oral and/or documentary evidence that may be presented at the hearing of this Motion.

DATED: February 7, 2011

ERICKSEN ARBUTHNOT

By: [signature]
MARK L. KIEFER, ESQ.
Attorneys for Defendant-In-Intervention
NATIONS TITLE COMPANY OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case involves a commercial real estate transaction wherein Defendant-In-Intervention NATIONS TITLE COMPANY OF CALIFORNIA ("NATIONS") prepared a "Preliminary Report" dated May 7, 2008 for a parcel in Glendale, California showing an EPA lien, which Report was sent to the requesting escrow agent, Regency Estate Properties ("Regency"). The Plaintiff-in-Intervention and lender (U.S. Bank) obtained a copy of this Report and was aware of the lien. Then the report was altered by parties unknown by deleting the EPA lien and then sending the fake report to the lender, U.S. Bank. NATIONS was unaware of the fraudulent report. U.S. Bank approved the loan and after the buyer Defendant Hovsep Derboghossian defaulted, the existence of the EPA lien was discovered on the Final Title Policy issued by TransUnion Title Insurance Company ("TransUnion"). U.S. Bank alleges that NATIONS either: (1) fraudulently doctored the Report or (2) that NATIONS simply failed to notice that in its lenders instructions to Nations that U.S. Bank referenced a Preliminary Report with a date of preparation that was *after* the date of NATIONS' preparation. U.S. Bank alleges it would never have approved the loan had they known the EPA lien had not been removed.

Defendant-in-Intervention, NATIONS, now brings this motion for partial summary judgment as U.S. Bank has absolutely no evidence to establish a *prima facie* case for the fraud and/or conspiracy to commit fraud causes of action against NATIONS.

///

It is anticipated that U.S. Bank will oppose this motion by contending that discovery is ongoing and that depositions must be concluded. However, the Court should not be fooled by any such contentions. The fact is that the first session of the deposition of U.S. Bank's expert, Thomas Tarter, has already been taken. In said deposition, Mr. Tarter was unable to even offer an opinion that any individual from NATIONS had committed fraud on U.S. Bank. In addition, the deposition of Leslie Boyer, an employee of U.S. Bank and Person Most Knowledgeable as it relates to the transaction, has already been completed. In said deposition, Ms. Boyer, who was U.S. Bank's Compliance Officer and corporate designee pursuant to *Federal Rule of Procedure*, Rule 30(b)(6), testified that there was no evidence of fraud by NATIONS.

Finally, the first session of Dan Bruno, a former Title Officer at NATIONS, has been completed. Mr. Bruno testified that NATIONS never made any misrepresentations of material fact to U.S. Bank. More importantly, Mr. Bruno testified that he had no knowledge of the fake preliminary report until after the closing and after U.S. Bank made their claims to the title insurance company TransUnion. Nonetheless, it is anticipated that U.S. Bank will contend that in order to oppose this motion, it must complete the depositions. Nothing could be further from the truth as U.S. Bank had ample opportunity to develop at least some evidence of fraud and were wholly unable to do so. Therefore, this Court should grant this Motion for Partial Summary Judgment as to the fraud cause of action.

## II.

## STATEMENT OF FACTS

Defendant Hovsep Derboghossian ("Derboghossian") entered into an agreement with Defendant Remy Mazmanian for the sale of commercial property located at 718 West Wilson, Glendale, CA ("THE PROPERTY).

(UMF No. 1). Craig Bittner, an employee of US. Bank, was the Business Development Officer ("BDO") on the transaction for the loan from U.S. Bank to Defendant Hosvep Derberghossian ("Derberghossian") for the purchase of THE PROPERTY. (UMF No. 2). As such, he was responsible for obtaining and securing the necessary documents to provide to the underwriter for the funding of the loan for THE PROPERTY.

NATIONS was contacted by Regency, the escrow company, to conduct a title search and to prepare a preliminary report. (UMF No. 3). The Preliminary Report dated May 7, 2008, was prepared by Daniel Bruno of NATIONS. (UMF No. 4).

The May 2008 Preliminary Title Report was sent, via email, to Regency on May 14, 2008. (UMF No. 5). The May 7, 2008 Preliminary Report contained a Schedule B which lists exceptions to clear Title. (UMF No. 6). Item No. 13 on Schedule B of the May 7, 2008 Preliminary Title Report specifically referenced an EPA lien of an undisclosed amount. (UMF No. 7).

Dennis Brown ("Brown") has been employed with U.S. Bank for the past 14 years as an SBA loan officer/underwriter. (UMF No. 8) His duties include retrieving or obtaining a loan file from an assistant manager, who receives the file from the Business Development Officer ("BDO"). (UMF No. 9). He was the underwriter assigned to the transaction involving THE PROPERTY. (UMF No. 10). During the underwriting process, Brown did not have any occasion to talk with the seller of the property. (UMF No. 11). Brown acknowledged receipt of the file on June 6, 2008. (UMF No. 12). The loan was approved on June 11, 2008. (UMF No. 13).

Brown did not look at the lien information as he believed that this was responsibility of the loan officer. (UMF No. 14). He reviewed the Preliminary Title Report to make sure that the property was adequately

described. (UMF No. 15). Once the loan was approved, the loan package was sent to loan Processing. (UMF No. 16).

On or about June 16, 2008, Lisa Long, who was employed by U.S. Bank as a Loan Processor, was assigned to process the loan. (UMF No. 17). Long did not have an understanding as to what a Preliminary Report was. (UMF No. 18). No one discussed EPA lien with her including the one contained in Item 13 of the May 7, 2008 Preliminary Report.

Subsequently, and unbeknownst to NATIONS, a second Preliminary Title Report, dated June 16, 2008, was provided to U.S. Bank which failed to reflect Item No. 13 as the EPA Lien. (UMF No. 19). U.S. Bank disregarded the May 7, 2008 Report and the loan was funded. (UMF No. 20).

Subsequently, Derboghossian failed to make the first mortgage payment and the loan was classified as a first payment default. (UMF No. 21). After some investigation, U.S. Bank determined that the second Preliminary Title Report dated June 16, 2008, was fake. (UMF No. 22). No one at NATIONS prepared or issued the June 16, 2008 Preliminary Title Report. (UMF No. 23). The June 16, 2008 Preliminary Title Report was not an authorized document. (UMF No. 24). In fact, on June 25, 2008, a day before the closing of this transaction, a copy of the May 7, 2008 Preliminary Title Report, the only title report prepared by NATIONS, was sent via email to US Bank. (UMF No. 25).

It was not NATIONS' practice to issue Preliminary Title Reports that failed to mention any prior reports that had been issued for the same transaction. (UMF No. 26). It was <u>Nations</u>' practice to entitle a later title report as either an amended report or an Updated Preliminary Title Report. (UMF No. 27). If NATIONS had prepared the June 16, 2008 Preliminary Title Report, it would have made some reference to the May 7, 2008 Title Report. (UMF No. 28). There was never a reason for Dan Bruno or anyone

at NATIONS to believe that there was more than one Preliminary Title Report. (UMF No. 29).

According to Leslie Boyer, the Compliance Officer at U.S. Bank, there is no evidence of any fraud on the part NATIONS. (UMF No. 30). She does not know who prepared the June 2008 Preliminary Report. (UMF No. 31). She has no evidence that NATIONS participated in the creation of the June 16, 2008 report. (UMF No. 32). She testified that:

> **Q**: Do you have any knowledge that NATIONS Title had anything to do with the June report? In other words, you previously said that there's no documentation regarding the fraudulent report, and you had no evidence of there being fraud on the part of TransUnion or NATIONS Title with respect to the June report, and that you only think – the only suspicion is that it appears on their letterhead, correct?
>
> **A**: Correct. (UMF No. 33).

Lisa Long, the loan processor, does not have any evidence that NATIONS did anything wrong with respect to the loan. (UMF No. 34) Lisa Long does not have any evidence that TransUnion did anything wrong with respect to the loan (UMF No. 35)

Further, U.S. Bank's designated expert, Thomas Tarter, testified that he did not have any evidence that NATIONS or its employees were part of any fraud or conspiracy to defraud U.S. Bank. (UMF No. 36).

Tarter also opined that the June 16, 2008 Preliminary Report was fraudulent but he has not assembled a group of suspects that he thinks would be most likely to have manufactured the fraudulent document (UMF No. 37).

At no point in time did Bruno or anyone else at NATIONS ever enter into any agreement with any party to participate in any wrongful conduct. (UMF No. 38). Neither Bruno nor anyone else at NATIONS engaged in any fraud. (UMF No. 39). Neither Bruno nor anyone else at NATIONS agreed with any party to defraud any party in this action. (UMF No. 40).

Finally, Daniel Bruno has never spoken with the purchaser, Derboghossian. (UMF No. 41). No one from NATIONS spoke with the purchaser Derboghossian. (UMF No. 42). There was no conspiracy between TransUnion, seller Remy Mazmanian and NATIONS to commit fraud. (UMF No. 43).

## III.

## ARGUMENT

### A. FEDERAL RULES OF CIVIL PROCEDURE SECTION 56 PROVIDE THAT A PARTY MAY MOVE TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Upon a showing that there is no genuine issue of material fact as to particular claim(s) or defense(s), the court may grant summary judgment in the party's favor "on all *or part* thereof." *Federal Rule of Civil Procedure* 56(a), (b); *Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.* (C.D. Cal. 1993) 860 F.Supp. 1448, 1450.

Liberal pleading rules allow the assertion of claims and defenses that may have no evidentiary support. A motion for summary judgment "pierces" the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence for its claims or defenses to create a genuine issue for trial. *Celotex Corporation v. Catrett* (1986) 477 U.S. 317, 325.

///

## B. PLAINTIFF'S CLAIM FOR ITS EIGHTH CAUSE OF ACTION FOR FRAUD AGAINST NATIONS FAILS

Under California law, in order to state a cause of action for fraud, Plaintiffs must prove: (a) that Defendant made a misrepresentation as to important fact (false representation, concealment or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. *South Tahoe Gas Co. v. Hofmann Land Improvement Co.* (1972) 25 Cal.App.3d 750, 765; and *Balfour, Guthrie & Co. v. Hansen* (1964) 227 Cal.App.2d 173, 192-193.

The particularity requirements necessitate pleading facts that "show how, when, where to whom and by what means of representation tendered." *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.

The essence of U.S. Bank's fraud cause of action against NATIONS is that U.S. Bank contends that NATIONS intentionally forwarded the June Preliminary Report, which was inaccurate and false as it did not include any reference to the EPA. (Complaint ¶¶29, 30, 124) Nothing could be further from the truth. Not only did NATIONS not forward any Preliminary Report other than the May 7, 2008 Preliminary Report, but NATIONS did not even become aware of the June Preliminary Report until after the closing of this transaction. US Bank has nothing to back its hollow charge.

The lack of evidence of any wrongdoing by NATIONS was established by the deposition testimony of Leslie Boyer, U.S. Bank's Compliance Officer and corporate designee pursuant to *Federal Rule of Procedure*, Rule 30(b)(6):

> **Q**: Do you have any knowledge that NATIONS Title had anything to do with the June report? In other words, you previously said that there's no documentation regarding the fraudulent report, and you had no evidence of there being fraud

on the part of TransUnion or NATIONS Title with respect to the June report, and that you only think – the only suspicion is that it appears on their letterhead, correct?

A: Correct.

The lack of evidence of any wrongdoing by NATIONS was further established by Lisa Long, the loan processor and U.S. Bank's designated expert, Thomas Tarter, who testified that he did not have any evidence that NATIONS or its employees were part of any fraud or conspiracy to defraud U.S. Bank.

It thus becomes clear that there was no wrongful conduct on the part of NATIONS. Absent evidence of a misrepresentation or any intent to defraud whatsoever by NATIONS, U.S. Bank's fraud claim necessarily fails. However, U.S. Bank and its counsel are not getting the message.

### C. PLAINTIFFS' CLAIM FOR ITS TENTH CAUSE OF ACTION FOR CONSPIRACY TO DEFRAUD AGAINST NATIONS FAILS

A cause of action for "conspiracy" must allege the commission of an independent and a separate "civil wrong" by the alleged conspirator. The "conspiracy" itself is not actionable without an independent and separate "civil wrong." *Okun v. Superior Court* (1981) 29 Cal.3d 442, 454. No cause of action for conspiracy exists unless the pleaded facts show some wrongful act that would support a cause of action without the conspiracy. *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1019. Rather, it is a theory of vicarious liability under which certain defendants may be held liable for torts committed by others. *Id.*

To be liable under a conspiracy theory, a conspiracy linked defendant must have united or cooperated with other culpable defendants in inflicting a

wrong on the plaintiff. (*Mox Incorporated v. Woods* (1927) 202 Cal.675, 677-678, 262 P.392), and the plaintiff must plead and prove the conspiracy linked defendant's knowing participation in a common plan or design to commit the tort (*Loeb v. Kimmerle* (1932) 215 Cal.143, 150-151, 9 P.2d 199; Black v. Sullivan (1975) 48 Cal.App.3d 557, 566-567, 122 Cal.Rpt. 119. In order to prevail on such an argument, plaintiffs must prove that (1) defendant has knowledge or and agreed to both the objective and course of action to injure the plaintiff; (2) a wrongful act pursuant to such agreement; and (3) resulting harm to the plaintiff. *Queliman Co., Inc. v. Stewart Title Guar. Co.* 19 C4th 26, 47, 77 (1998). *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.

Here, there is no evidence of any fraud on the part of NATIONS. There is no evidence that NATIONS conspired with any other defendant in the action to commit fraud. There is no agreement with any defendant to perpetrate a fraud on U.S. Bank.

There is no evidence that NATIONS had any knowledge of or agreed to any objective or any course of action with any other party to injure U.S. Bank. There is no evidence of a knowing participation in a design to commit fraud on U.S. Bank. As evidenced above, there was no fraud perpetrated by NATIONS. Without the underlying fraud, there can be no conspiracy.

In fact, Daniel Bruno has never spoken with the purchaser, Derboghossian. (UMF No. 41). No one from NATIONS spoke with the purchaser Derboghossian. (UMF No. 42). There was no conspiracy between TransUnion, seller Remy Mazmanian and NATIONS to commit fraud. (UMF No. 43).

In the absence of any triable issue of material fact as to intent to defraud or conspiracy by NATIONS, U.S. Bank's fraud-based claims must fail and summary judgment on the eighth and ninth causes of action in favor of NATIONS is appropriate.

## IV.

## CONCLUSION

Based on the forgoing, U.S. Bank is unable to establish it *prima facie* case for fraud and conspiracy to defraud against NATIONS and partial summary judgment should be granted in favor of NATIONS and against U.S. Bank.

DATED: February 7, 2011

ERICKSEN ARBUTHNOT

By: ______________________
MARK L. KIEFER, ESQ.
Attorneys for Defendant-In-Intervention
NATIONS TITLE COMPANY OF CALIFORNIA