1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9              WESTERN DIVISION

10

11  UNITED STATES OF AMERICA,        )  No. CV 09-06487-JHN (VBKx)
                                     )
12              Plaintiff,           )  ORDER RE SETTLEMENT CONFERENCE
                                     )
13      v.                           )
                                     )
14  718 WEST WILSON AVENUE,          )
    GLENDALE, CALIFORNIA 91203,      )
15  et al.,                          )
                                     )
16              Defendants.          )
                                     )
17  _____     )

18              **PLEASE READ THIS ORDER CAREFULLY!**

19      The case has been referred to Magistrate Judge Victor B. Kenton

20  for settlement proceedings.

21      A Settlement Conference will be held on Tuesday, March 29, 2011,

22  at 1:00 p.m. in Courtroom 590 the Edward R. Roybal Federal Building

23  and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

24  The parties should be prepared to be available as long as the Court

25  requires.

26      **Settlement Conference briefs must be timely delivered to the**

27  **Judge's Chambers (not filed) pursuant to paragraphs 11 and 12 of this**

28  **Order.    If  the  briefs  are  untimely  delivered,  the  Settlement**

1  **Conference will be vacated.**

2      The Magistrate Judge will not be involved in the actual trial of

3  the case and will assist the parties in an objective appraisal and

4  evaluation of the case.  The following are guidelines for the parties

5  in preparing for the Settlement Conference.

6      1.    The purpose of the Settlement Conference is to permit an

7  informal  discussion  between  the  attorneys,  parties,  non-party

8  indemnitors or insurers, and the settlement judge, of every aspect of

9  the case bearing on its settlement value.

10     2.    Pursuant to Local Rule 16-14.8, all settlement proceedings

11  shall  be  confidential  and  no  statement  made  therein  shall  be

12  admissible in any proceeding in the case, unless the parties otherwise

13  agree.    No  part  of  a  settlement  proceeding  shall  be  reported  or

14  otherwise recorded, without the consent of the parties, except for any

15  memorialization of a settlement.

16     3.    In addition to **principal** counsel who will try the case being

17  present, a person with full settlement authority should likewise be

18  present  for  the  conference.    This  requirement  contemplates  the

19  physical presence of your client or, if a corporate or governmental

20  entity, of an authorized and knowledgeable representative of your

21  client.[1]    The  Plaintiff's  representative  must  have  full  and  final

22  authority,  **in the representative's sole discretion**,  to authorize

23  dismissal of the case with prejudice, or to accept a settlement amount

24  recommended by the settlement judge down to the Defendant's last offer

25

26      [1]    However, if this matter is a lawsuit in which the United
States or any of its agencies is a party, the Assistant United States
27  Attorney who will try the case may appear without a representative,
provided that he or she comes armed with the full measure of authority
28  conveyed by his or her superiors within the United States Attorney's
Office after appropriate consultation.

1  made prior to the settlement conference. The Defendant's

2  representative must have final settlement authority to commit the

3  Defendant to pay, **in the representative's sole discretion**, a

4  settlement amount recommended by the settlement judge up to the

5  Plaintiff's prayer (excluding punitive damage prayers), or up to the

6  Plaintiff's last demand prior to the settlement conference, whichever

7  is **lower**.[2]

8      The purpose of this requirement is to have representatives

9  present who can settle the case during the course of the conference

10 without consulting a superior.

11     4.    If Board approval is required to authorize settlement, the

12 attendance of at least one sitting and knowledgeable member of the

13 Board (preferably the Chairman) is **absolutely required**.

14     5.    Subject to paragraph 7 below, counsel appearing without

15 their clients or appropriate representatives (whether or not counsel

16 purportedly have been given settlement authority) will cause the

17 settlement conference to be cancelled and rescheduled. The

18 noncomplying party, attorney, or both, may be assessed the costs and

19 expenses incurred by other parties as a result of such cancellation

20 and rescheduling.

21     6.    Any insurance company that is a party to the case or is

---

[2]    Based on its experience, the Court has found that it is
essential to the settlement process that each party must bring the
appropriate representatives and persons to the settlement table. If
a party wishes to be relieved from the obligations imposed by this
paragraph, the Court will consider such a request, if it is submitted
to the Court in writing, without service on the other party, no later
than three (3) court days prior to the scheduled date of the
conference. **Unless the Order has been signed, approving the request,
counsel should consider the request to have been denied**. **Frequently,
such requests are not granted**.

1   contractually required to defend or to pay damages assessed within

2   policy limits, should have a settlement representative present at the

3   conference.  Such representative must have final settlement authority

4   to commit the company to pay, **in the representative's sole discretion**,

5   an amount recommended by the settlement judge within the policy

6   limits.  The purpose of this requirement is to have an insurance

7   representative present who can settle the outstanding claim or claims

8   during the course of the conference without consulting a superior.  An

9   insurance representative authorized to pay, **in his or her sole**

10  **discretion**, up to the Plaintiff's last demand made prior to the

11  settlement conference will also satisfy this requirement.  Counsel of

12  record will be responsible for timely advising any involved non-party

13  insurance company of the requirements of this Order.

14       7.    When a person whose personal attendance would otherwise be

15  required pursuant to the foregoing paragraphs resides outside the

16  District, the Court will consider excusing the personal attendance of

17  such person, so long as such person can and will be available by

18  telephone during the entire settlement conference.  **If a party desires**

19  **to avail itself of this excuse from personal attendance, counsel**

20  **should so request in such party's Settlement Conference Statement (and**

21  **specify where such person will be located during the settlement**

22  **conference) and submit a Proposed Order**.  **Unless the Order has been**

23  **signed, approving the request, counsel should consider the request to**

24  **have been denied**.  **Frequently, such requests are not granted**.

25       8.    The settlement judge may, in his discretion, converse with

26  the lawyers, the parties, insurance representatives, or any one of

27  them outside of the hearing of the others.  The comments of the judge

28  during such separate sessions are not to be used by counsel in

1   settlement negotiations with opposing counsel.  This is a necessary

2   requirement  in  order  to  avoid  intentional  or  unintentional

3   misquotation of the judge's comments.  If all counsel and parties are

4   not present to hear the Court's opinions, it is all too easy for

5   counsel to misrepresent the Court's comments in an effort to obtain a

6   tactical advantage with opposing counsel.  Violation of this policy

7   may be misleading and therefore a hindrance to settlement.

8        9.   Prior to the Settlement Conference, the attorneys are

9   directed to discuss settlement with their representative clients and

10  insurance  representatives,  so  that  the  parameters  of  possible

11  settlement will have been explored well in advance of the Settlement

12  Conference.  At the Settlement Conference, each party shall be fully

13  prepared to discuss all economic and non-economic factors relevant to

14  a full and final settlement of the case.[3]

15       10.  In order to provide the parties with a starting point for

16  their settlement discussions with the Magistrate Judge, Plaintiff

17  shall advise Defendant(s) of the terms upon which Plaintiff then is

18  prepared to settle the case, in a letter delivered or faxed prior to

19  the Settlement Conference.  Within forty-eight (48) hours of receipt

20  of Plaintiff's settlement offer, each Defendant shall respond to the

21  same  by  letter  advising  Plaintiff  of  the  terms  upon  which  such

22  Defendant is prepared to settle the case.

23  _____

24       [3]   The Court expects the parties to exchange good faith
    settlement offers.  For the Plaintiff, this means offering to settle
25  on terms less favorable than those which the Plaintiff reasonably
    could expect to achieve if Plaintiff prevailed at trial, taking into
26  account Plaintiff's non-recoupable costs of litigation.   For each
    Defendant, this means offering to settle on terms less favorable to
27  such Defendant than those such Defendant reasonably could expect to
    achieve if such Defendant prevailed at trial, taking into account such
28  Defendant's non-recoupable costs of litigation.

1    11.   No later than March 22, 2011, five (5) **court** **days** prior to

2 the conference, each party shall **submit a Settlement Conference**

3 **Statement directly to the chambers of Magistrate Judge Kenton** (i.e.,

4 Room 930, United States Courthouse, 312 North Spring Street, Los

5 Angeles, CA) or fax to (213) 894-5702.  The parties shall exchange the

6 Statements on the same date.  The Statements should not be filed with

7 the Clerk of the Court, and they will not be made part of the case

8 file.  The Statements shall be double spaced and shall not exceed ten

9 (10) pages in length.

10    The parties' respective Settlement Conference Statements shall

11 include the following:

12    A.   A brief statement of the facts of the case, and of the

13 claims and defenses remaining to be tried, including the statutory or

14 other grounds upon which the claims are founded.   This statement

15 should identify the major factual and legal issues in dispute, and

16 cite any controlling authorities.

17    B.   An itemized statement of the damages claimed, and of

18 any other relief sought.

19    C.   A summary of the proceedings to date, including any

20 case management dates/deadlines already set by the District Judge.

21    D.   A history of past settlement discussions, offers and

22 demands, including the most recent settlement offers exchanged

23 pursuant to ¶ 10 above.  A copy of such party's letter sent pursuant

24 to ¶ 10 above should be attached to such party's Settlement Conference

25 Statement.

26    12.  **Each party shall also prepare a Confidential Addendum to**

27 **Settlement Conference Statement, which shall be delivered (or faxed)**

28 **directly to Magistrate Judge Kenton only, along with the Settlement**

1 **Conference Statement**.   The Confidential Addendum shall <u>not</u> be filed
2 with the Court <u>or</u> served upon the other parties.   The Confidential
3 Addendum shall contain:

4        A.   A forthright evaluation of the party's likelihood of
5 prevailing of each of its claims and/or defenses.

6        B.   The approximate amount of attorney's fees, time and
7 costs expended to date, and an estimate of the fees, time and costs to
8 be expended for (i) further discovery, (ii) pretrial and (iii) trial.

9        C.   The party's evaluation of the terms on which the case
10 could be settled **fairly**, **taking into account the litigation position**
11 **and settlement position of the other side**.

12    13.   If it does not appear to the Court from its review of the
13 parties' Settlement Conference Statements and Confidential Addenda
14 that a Settlement Conference at this juncture in the proceedings is
15 likely to result in a settlement of the matter, the Court may order
16 the Settlement Conference off-calendar or defer it to a later juncture
17 in the proceedings (<u>e.g.</u>, after a pending or anticipated dispositive
18 summary judgment motion is decided).

19    14.   Any failure of the trial attorneys, parties or persons with
20 authority to attend the conference will result in sanctions to include
21 the fees and costs expended by the other parties in preparing for and
22 attending the conference.   The failure of any party to timely submit
23 a Settlement Conference and Confidential Addendum in compliance with
24 this Order, or otherwise comply strictly with this Order, will result
25 in the Settlement Conference being ordered off-calendar and sanctions
26 being imposed.

27    15.   At the commencement of the conference, counsel for each
28 party should be prepared to make the equivalent of a mini-opening

1 statement and/or to respond to the Court's questions regarding the

2 relevant facts and law, in the presence of all parties and counsel.

3 Counsel should have available for the Court's perusal copies of all

4 key documents in the case, as well as copies of all important

5 witnesses' deposition transcripts.

6     16.  If settlement between any or all parties is reached as a

7 result of the Settlement Conference, it is the responsibility of all

8 counsel to immediately report the settlement to the District Judge's

9 courtroom deputy clerk, as well as to timely memorialize the

10 settlement.  See Local Rule 16-14.7.  If settlement is not reached,

11 the parties acknowledge their understanding that the Magistrate Judge

12 will continue to hear and adjudicate non-dispositive matters which may

13 arise.

14     17.  All papers submitted for the Settlement Conference will

15 either be returned to the parties or destroyed by the Magistrate

16 Judge, after the settlement proceedings are concluded, unless the

17 parties agree otherwise.

18

19 DATED: March 9, 2011               /s/
                                VICTOR B. KENTON
20                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28